## BARDWELL ET AL. V. CLARE.

1. **Practice:** TRIAL: JURY. An action to enforce a claim for rent by a party claiming to be the owner of the property rented, against one who makes no claim of title thereto, is an action at law entitling the defendant to a trial by jury.

2. **Practice in the Supreme Court:** ASSIGNMENT OF ERROR: MUST BE SPECIFIC. An assignment of error reciting that "the court erred in refusing to set aside the verdict, and in not rendering judgment for plaintiffs," is not sufficiently specific.

3. **Evidence:** ERROR IN ADMISSION OF: INSTRUCTION. Where evidence is erroneously admitted which the jury are in effect directed in an instruction not to consider, the error in its admission is without prejudice.

*Appeal from Benton Circuit Court.*

### FRIDAY, DECEMBER 7.

THE plaintiffs, claiming to be the owners of certain real estate, brought this action to recover the amount due as rent of said premises under a lease which the defendant had executed to one Wonderlech. The answer alleged that at the time the lease was executed the premises belonged to Mrs. Wonderlech, and that she sold the same to one Fulmer, and executed a deed to him therefor, but as her husband was not present she took the deed to get him to sign it, when it was to be delivered to Fulmer, and the contract of sale fully carried out. The deed was delivered to her husband and he called on Fulmer with the deed, prepared to carry out the contract.

But Fulmer declined to receive the deed and comply with the contract, whereupon E. A. Wonderlech, the husband, Fulmer and the plaintiffs made another contract of sale, and Fulmer's name was erased from the deed and the names of the plaintiffs inserted therein as grantees. Mrs. Wonderlech had no knowledge of this transaction until after its completion. The plaintiffs' right to recover the rent depends upon the question whether they obtained any title to the premises under the deed aforesaid, and whether there was a valid and binding agreement on Mrs. Wonderlech under and by virtue of which the plaintiffs were entitled to such rent. There was a trial by jury, verdict for the defendant, judgment, and the plaintiffs appeal.

*F. G. Clark* and *Stivers & Leland*, for appellants.

No appearance for appellee.

SEEVERS, J.—I. The answer of the defendant as originally filed asked that the deed be declared fraudulent and void, and other relief of an equitable character. In no event was he entitled to any such relief, for he did not claim any title whatever to the premises, and as we understand the abstract so much of the answer as asked such or any other affirmative relief was withdrawn before the commencement of the trial. When the cause was called for trial the defendant demanded a jury, to which the plaintiffs objected, but the same was overruled and they excepted, and this action of the court is assigned as error. There was no error in this respect, for the plaintiffs' action is clearly at law, and after the withdrawal of all claim to affirmative relief in the answer there was no equitable issue in the case.

1. PRACTICE: trial: jury.

II. The next error assigned is in overruling plaintiffs' motion for judgment, regardless of the verdict of the jury. This assignment of error is not insisted on in the argument by counsel, and it will, therefore, be deemed waived. But in no event were the plaintiffs entitled to judgment. At most they were only entitled to a new trial.

III. It is also assigned as error that the court erred in

overruling plaintiffs' motion for a new trial. This assignment is too general, because the motion sets up several distinct reasons or causes why the motion should be sustained, and all of them certainly are not well taken.

IV. It is further assigned as error "That the court erred in rendering judgment for plaintiffs for costs," and "The court erred in refusing to set aside the verdict, and in not rendering judgment for plaintiffs for amount of claim and interest." These assignments are too general, for under them any error of the court committed during the trial, which would have the effect of setting aside the judgment and granting a new trial, could be well presented. Assignments of error should be as specific as the case will allow, and point out the very error objected to. Code, § 3207. For instance, it is pressed in argument with force and zeal that the verdict is contrary to the evidence, and yet no such error is assigned. It certainly could have been done, and then the assignment of error would have been sufficiently specific.

*2. PRACTICE in the supreme court: assignment of error must be specific.*

V. It is lastly assigned that the court "erred in allowing defendant to introduce on the trial evidence of an agreement wherein Wonderlech had the right to redeem the premises." It is claimed that such evidence was not admissible, because there was no such issue made in the pleadings. This may be admitted. The court instructed the jury: "There is no question in this case in regard to redemption, and any testimony introduced on the trial need not be considered by you in regard thereto." This instruction in plain terms takes such evidence from the jury. The alleged error was, therefore, corrected. *Cook & Mitchell v. Robinson*, 42 Iowa, 474.

*3. EVIDENCE: error in admission of: instruction.*

Counsel in this connection claim that certain testimony in relation to Wonderlech's right to the rent was not taken from the jury, and that such evidence was also inadmissible for the reason above stated. This may also be admitted, but no such error is assigned.

Having thus disposed of all the errors properly assigned the result is the judgment of the Circuit Court must be

AFFIRMED.