TERRY v. TAYLOR.

1. **Promissory Note:** INNOCENT HOLDER: FRAUDULENT INCEPTION: EVIDENCE. Where an action is brought upon a negotiable note by one claiming to be an innocent holder for value before maturity, and the defense is that the note was obtained by fraud and without consideration, the burden is upon defendant to prove such defense, and, as tending to prove it, evidence of fraud practiced in the transaction in which the note was given is both competent and material.

2. **Practice in Supreme Court:** ASSIGNMENT OF ERRORS: TOO GENERAL. Where an assignment of errors is so general that any one of a number of rulings might be considered under it, it is insufficient, under section 3207 of the Code, and will be disregarded.

*Appeal from Washington Circuit Court.*

SATURDAY, JUNE 7.

ACTION ON A PROMISSORY NOTE. There was a verdict and judgment for defendant. Plaintiff appeals.

*I. Farley,* for appellant.

*Sampson & Brown,* for appellee.

REED, J.—The instrument sued on is a negotiable promissory note. It is payable to C. M. Wheeler, or bearer, and, as plaintiff alleges, was transferred to him for a valuable consideration before maturity. The defense set up by defendant is that the note was obtained by fraud and without consideration. The evidence given on the trial shows that one White went to defendant's place, and represented to him that he was the agent for a company which was engaged in the manufacture of a roofing compound, which they were desirous of introducing to the notice of the public, and that his business was to go into different neighborhoods and put the compound manufactured by the company on one building in each neighborhood, for the purpose of showing to the public in that vicinity the use and value of the material; that no charge was made for putting the material on the building, but that it was expected that the owner of such building would board the men employed to do the work while putting it on.

*1. PROMIS-SORY note: innocent holder: fraudulent inception: evidence.*

By means of these representations he induced defendant to consent that the compound might be put on the roof of his dwelling house. He then represented that it would be necessary for defendant to sign an order on the company for the amount of material necessary to do the work, which he stated would be ten gallons; and defendant signed what he supposed to be such an order. White then left, taking the order with him, but stating that the compound would be

shipped to defendant in a few days, and that he would return after it was received and put it on the roof. He never did return, however; but in a few days defendant was called on by one Wheeler, who represented that he was the attorney for the company of which White had represented himself to be the agent, and that he was collecting for it. He produced the paper which defendant had signed and delivered to White, but which proved to be an order for two barrels of the material, and an agreement by defendant to pay for the same, except ten gallons, at $2.25 per gallon, the whole amounting to $209. Two barrels of a material supposed to be coal tar had been shipped to defendant, and was then lying at the railroad depot in the neighborhood; but he had refused to receive it. Defendant at first refused to pay anything on the claim presented by Wheeler, but, after some parley, and after Wheeler had threatened to sue him in the United States circuit court at Des Moines, and put him to great cost and expense, he paid $20 in cash, and gave the note in suit in settlement.

On the trial, plaintiff moved to exclude all the evidence with reference to the transactions between defendant and White and Wheeler, on the ground that, as against plaintiff, it was incompetent and immaterial, and the overruling of this motion is the first error assigned. The ruling was clearly right. The burden was on defendant to prove the allegation that the note was obtained by fraud. The evidence objected to related to the transaction in which the note was given, and it tended to prove that it was obtained by the fraudulent practice alleged in the answer. It was, therefore, both competent and material.

The only assignment of error in addition to this is, "that the court erred in overruling plaintiff's motion for a new trial." The motion for a new trial was based on

2. PRACTICE in supreme court: assignment of errors; too general.

more than one ground. We have frequently held that, when an assignment of errors is so general that any one of a number of rulings

might be considered under it, we could not consider it. *Bardwell v. Clare*, 47 Iowa, 297; *McCormick v. Railway Co.*, Id., 345.

This asssignment is of that character. It does not point out·specifically the error complained of, as required by section 3207 of the Code. We must, therefore, disregard it.

AFFIRMED.