Leekins v. The Nordyke & Marmon Co.

AFFIRMED.

LEEKINS v. THE NORDYKE & MARMON CO.

66 471
78 476

66 471
89 234

66 471
97 134

66 471
105 605

66 471
113 345

66 471
142 714

1. **Assignment of Errors:** MUST BE SPECIFIC. Where a motion for a new trial was based on several grounds, an assignment of error, that "the court erred in overruling the motion," without more, is not sufficiently specific, under section 3207 of the Code, and cannot be considered in this court.

2. **Corporation:** AGENT OF: PAROL TO PROVE AGENCY AND NATURE OF AGENT'S DUTIES. The records of a corporation are the best evidence as to who its officers are, but it may be shown by parol that one was an agent of the corporation, and what his duties were as such.

3. **Agent to Purchase:** RIGHT OF TO CONTRACT WITH SELLER FOR COMMISSION ON SALE. If a principal, in authorizing an agent to make a purchase, also authorizes him to contract with the seller for a commission sufficient to pay him for his services, and the seller, knowing his relation to the purchaser, contracts to pay him a commission, he cannot afterwards avoid paying it on the ground that the contract was void, as being in violation of the good faith which an agent owes his principal.

4. **Instruction:** ERROR WITHOUT PREJUDICE. An instruction which is erroneous, but favorable to the appellant, is no ground for a reversal.

5. **Pleading:** PETITION AND AMENDMENT: INCONSISTENT STATEMENTS: PRACTICE. Plaintiff in his petition alleged a contract made with defendant, and in an amendment alleged a contract made with one assuming to be defendant's agent, and which it ratified. *Held* that, in the absence of a motion requiring plaintiff to elect on which allegation he would rely, the court did not err in submitting them both to the jury.

*Appeal from Grundy Circuit Court.*

Tuesday, June 9.

Defendant is a manufacturer of mill-machinery, and it sold to the Grundy County Mill Company the machinery for a mill. Plaintiff acted as the agent of the Grundy County Company in making the purchase, and he alleges that defendant agreed to pay him a commission of two hundred and seventy-one dollars on said purchase, and that it did pay him seventy-five dollars of the amount, and he brought this action to recover the balance thereof. He also alleges that he entered into said contract with one Dwyer, an agent of defendant, and that defendant subsequently ratified the action of Dwyer in making it. Defendant's answer is a general denial. There was a verdict and judgment for plaintiff, and defendant appeals.

*Binford & Snelling,* for appellant.

*Dey & Thompson,* for appellee.

Reed, J.—Defendant's principal place of business is at Indianapolis, in the state of Indiana, and the transaction out of which this cause arose was had at that place. Plaintiff visited Indianapolis for the purpose of purchasing the necessary machinery for a mill which the Grundy County Mill Company was building, and he entered into a negotiation with defendant, which resulted in the purchase of said machinery from it. Defendant is a corporation, and the negotiation was conducted on its part principally by one Dwyer, who was in its employ as draughtsman and superintendent of its shop. Plaintiff's claim is that Dwyer agreed that defendant would pay him a commission on the purchase in case it should be consummated; also that defendant subsequently ratified this contract, and performed it in part by paying him a portion of said commission.

It is urged by appellant's counsel in argument (1) that the evidence does not establish that Dwyer ever assumed to make the alleged contract; and (2) that it does not show a subsequent ratification of such contract by defendant. The question of the sufficiency of the evidence to. sustain the verdict was raised in the circuit court by the motion for a new trial, but was not raised in any other manner. Appellant seeks to raise the question in this court by assigning as error the ruling on this motion. The assignment of error is in the following form: "The court erred in overruling the motion for a new trial." The motion, however, alleged some eight other grounds on which a new trial was demanded, some of which have been urged in this court, while others were not referred to by counsel in argument. We cannot consider this assignment, or determine any question which has been presented in argument under it, but which is not otherwise raised.

1. ASSIGN-MENT of er-rors : must be specific.

It is provided by section 3207 of the Code that "an assignment of error   *    *    *   must, in a way as specific as the case will allow, point out the very error objected to. Among several points in a demurrer or in a motion or instructions,   *    *    *   it must designate which is relied on as error, and the court will only regard errors which are assigned with the required exactness." It is clear that this assignment does not comply with this requirement. If we could consider the question of the sufficiency of the evidence to sustain the verdict under it, we might also consider any one of the other questions raised by the motion for a new trial. But it does not specifically point out the ruling on any of these questions as erroneous. Our uniform holding heretofore has been that assignments of error in this form should be disregarded. *Bardwell v. Clare*, 47 Iowa, 297; *McCormick v. Railroad Co.*, Id., 345; *Terry v. Taylor*, 64 Id., 35.

II: Plaintiff was examined as a witness in his own behalf, and testified that he knew the relation which Dwyer sustained

**2. CORPORA-TION : agent of: parol to prove agency and nature of agent's duties.** to defendant, and that he was its general business manager. Defendant moved to exclude this evidence on the ground that, as it was a corporation, its record was the best evidence of who were its officers. This motion was overruled, and defendant assigns this ruling as error. If it had been claimed that Dwyer was an officer of the corporation, elected or appointed by the shareholders, the record of their action in electing him would have been the best evidence of his official character; but no such claim was made. Indeed, it was subsequently shown by Dwyer's own testimony that he was a mere employe of the corporation. The character of his employment and the nature of his duties might be shown, we think, by parol.

III. Plaintiff also testified that he made the contract, under which his right to the commission accrued, with Dwyer, and **3. AGENT to purchase : right of to contract with seller for commission on sale.** that defendant subsequently ratified the contract and paid him a portion of the commission. He also admitted that at the time he made the contract he was acting as agent for the Grundy County Company in making the purchase. After this admission was made, defendant moved the court to exclude the evidence with reference to the making of the contract and the payment of the money to plaintiff, on the ground that he could not, while acting as agent for the buyer in the purchase of the property, make a valid contract with the seller for the payment by it of a consideration for his services in effecting the sale. It also asked the court to instruct the jury that a contract by it to pay plaintiff a commission for making the sale of the machinery, when he was acting as the agent of the vendee in making the purchase, would be void. The court overruled the motion to exclude the evidence. It also refused to give the instruction asked, and these rulings are assigned as error. It is a well-settled and salutary rule of law that an agent will not be permitted to put himself, during his agency, in a position which is adverse to that of his principal. If his agency is to sell the property of his

principal, he cannot himself be the purchaser. And if it is to purchase for his principal, he cannot be the seller. The rule, however, is for the benefit and protection of the principal, and, as a general rule, he is the only party who can avoid a contract made in violation of it. If he chooses to authorize his agent to transact his business in a manner which the rule, but for such authority, would forbid, or if he subsequently ratifies the contract of his agent, made in violation of it, other parties will not be heard to question it. *Jackson v. Van Dalfsen*, 5 Johns., 43; *Jackson v. Walsh*, 14 Id., 407; *Litchfield v. Cudworth*, 15 Pick., 31.

When defendant entered into the contract it had full knowledge of the relation which existed between plaintiff and the Grundy County Company. It knew that he was acting as the agent of that company in making the purchase of the machinery, yet it contracted to pay him a commission for effecting the sale. The jury have found, at least, that it made such contract. The evidence shows without any conflict that plaintiff's principal is not only satisfied with the contract, but that it authorized him in advance to contract, in the purchase of the machinery, for the payment by the seller of such a commission on the sale as would compensate him for his services in transacting the business. As the contract was entered into by plaintiff by the authority of his principal, and as defendant contracted with him with knowledge of his relation to his principal, it is very clear, we think, that it cannot now avoid its undertaking. Plaintiff in the transaction acted to some extent as the agent of both defendant and the Grundy County Company, but each consented that he might act in that capacity for the other, and what was done in the transaction was done with the consent of both principals. There was therefore no element of illegality in the contract, and no rights of either of the parties were violated in making it. The rulings of the circuit court in overruling the motion to exclude the evidence, and in refusing to give the instructions asked, were therefore correct.

The court, however, did give the following instruction: "You will in no event find for the plaintiff on the contract claimed, if you find that at the time of making said contract he was employed by the Grundy County Mill Company, and was acting as its agent in the transaction, with full power from it to purchase in the general market the property or furnishings bought of the defendant; but in the event you find that the plaintiff was so acting with said authority by the mill company, you will find for the defendant." Defendant excepts to that portion of the instruction which holds that the contract would be rendered invalid by the fact of plaintiff's agency for the Grundy County Company only in case he had full power by virtue of this agency to purchase in the general market. As we have held that under the undisputed evidence the contract was not rendered invalid by the fact that plaintiff was acting as the agent of the mill company in making the purchase, it is unnecessary for us to inquire whether this limitation expresses a correct rule or not. The instruction should not have been given, but defendant was not prejudiced by it.

*4. INSTRUCTION: error without prejudice.*

IV. The court instructed the jury that plaintiff could not recover unless he had proven either (1) that defendant had conferred upon Dwyer authority to make the contract under which he claimed; or (2) that the power to make it was a necessary incident to the transaction of the branch of defendant's business which Dwyer was authorized to transact; or (3) that the contract had been subsequently ratified by defendant. In his original petition plaintiff alleged generally that the contract on which he sought to recover was entered into between him and defendant. In an amendment filed during the progress of the trial he alleged that the contract was made by Dwyer, who assumed to act as agent for defendant, and that defendant had subsequently ratified it.

*5. PLEADING: petition and amendment: inconsistent statements: practice.*

Appellant now contends that the only question presented by the pleadings was whether Dwyer had assumed to make a

contract for the payment of said commission, which it had subsequently ratified, and that the court erred in submitting to the jury the question whether Dwyer had original authority to make the contract. We think, however, that this position is not correct. The allegations of the original petition were not withdrawn. The pleading as amended alleged a contract made with defendant. It also alleged one made with defendant's agent, and which it had ratified. Plaintiff could have been required by proper proceeding to elect on which allegation he would rely, or to set out the different states of facts pleaded in different counts of his petition; but this was not done. The cause was tried upon a pleading in which both states of facts were alleged, and were pleaded in a single count. The allegation that the contract was entered into with defendant would be supported by proof that it was made by an agent who had authority to make it, and the court, we think, did not err in submitting that question to the jury.

We have examined the questions presented by counsel, and we find no ground for disturbing the judgment.

AFFIRMED.