GUYER & HOSHAW, Appellants, v. THE MINNESOTA
THRESHER MANUFACTURING COMPANY.

**Practice Supreme Court:** ASSIGNMENT. An assignment that the trial court erred in sustaining a motion for a default and judgment, and in striking out an amended petition, is not sufficiently specific, where such motion has several grounds.

SAME. An assignment of error that the trial court erred in sustaining a demurrer, is not sufficiently specific, where the demurrer has several grounds.

Amendments may be allowed, or refused, in the sound discretion of the court.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

FRIDAY, JANUARY 31, 1896.

ACTION at law to recover commissions for the sale of a threshing machine and engine. A demurrer to the original petition was sustained on the twentieth day of October, 1894, and plaintiffs were given fifteen days in which to further plead. On October 27, they filed an amended and substituted petition. The defendant thereupon moved to strike the amended and substituted petition from the files, and for a default and judgment on the cause of action set out in the original petition. This motion was sustained, and judgment was entered dismissing the petition, at plaintiffs' costs, and plaintiffs appeal.—*Affirmed.*

*John McLennan, C. C. Dowell,* and *E. G. Albert* for appellants.

*St. John & Stevenson* for appellee.

DEEMER, J.—In the original petition the plaintiffs state that they are entitled to a commission for the sale of a thresher and engine to one Fred Wolfe, under and by virtue of a certain written contract made and

entered into by and between the plaintiffs, on the one part, and by the defendant, through its agent, W. S. H. Brady, on the other. A demurrer to this petition, based upon three distinct grounds, was sustained, and plaintiffs were given fifteen days to further plead. Thereafter they filed what was denominated "an amended and substituted petition," in which they pleaded that they were entitled to a commission for the sale of the machine to Wolfe, under and by virtue of a parol contract entered into between themselves and the defendant, through its agent, Brady, after the written contract referred to in the original petition was executed. The defendant thereupon filed a motion for a default and judgment on the cause of action stated in the original petition, and to strike the amended and substituted petition from the files. This motion was based upon three grounds, as follows: *First*, the amendment was not filed in time; *second*, the substituted petition is in no sense an amendment, but an endeavor to state an original and different cause of action; *third*, the substituted petition is not an amendment to the original cause of action, but is irrelevant thereto. This motion was sustained, and plaintiffs appeal. The first assignment of error is as follows: "The court erred in sustaining defendant's demurrer to the petition." This assignment is not sufficiently specific to enable us to consider any question with reference to the ruling. *Town of Waukon v. Strouse*, 74 Iowa, 547 (38 N. W. Rep. 408). If the assignment was sufficient, there was no error, because the plaintiffs elected to plead over, thus waiving the ruling on the demurrer. The second assignment is: "The court erred in sustaining defendant's motion for a default and judgment, and to strike plaintiff's amended and substituted petition." It will be noticed that the motion was a double one—*First*, for default and judgment on original petition; and,

*second*, to strike the amended and substituted petition—and that there were three grounds for the motion. Under repeated rulings of this court, the assignment is not sufficiently specific. *State v. Harbach*, 78 Iowa, 477 (43 N. W. Rep. 272); *Leekins v. Nordyke & Marmon Co.*, 66 Iowa, 471 (24 N. W. Rep. 1), and authorities cited. Indeed, the statute itself is plain on this point. Code, section 3207: "* * * * Among several points in a demurrer or in a motion * * * it must designate which is relied upon as an error. And the court will only regard errors which are assigned with the required exactness. * * *" Should we hold, however, that the questions argued by counsel are correctly presented, we are not prepared to say that the court so abused its discretion that we ought to interfere. The rule is, that the discretion lodged in the trial court with reference to allowing or rejecting amendments will only be interfered with when substantial prejudice has resulted to the party complaining. *Fulmer v. Fulmer*, 22 Iowa, 230. It is not enough to simply show error in a ruling of this kind; prejudice must also appear. There is no showing of substantial prejudice in this case. True, the plaintiffs were compelled to pay the costs of the proceeding, but this they might have been compelled to do had the amendment been allowed to stand. The third assignment is as follows: "The court erred in entering judgment against the plaintiffs for costs." This is insufficient. *Tomblin v. Ball*, 46 Iowa, 190. The remaining assignment is, that the "court erred in striking plaintiff's amended and substituted petition from the files." From the authorities cited, it is apparent that this does not present any question for our consideration. As none of the assignments of error are sufficiently specific to "point out the very error objected to," the judgment of the lower court is AFFIRMED.