## THORPE BROS. & Co. v. FOWLER ET AL.

1. **Conditional Sale:** WAIVER OF. Where the sale and delivery of personal property was made with an agreement by the purchaser to give security for the purchase money, or do some act as a part of the transaction, such sale is conditional; and the title to the property does not pass until the thing is done by the purchaser, or is waived by the vendor.

2. **Landlord's Attachment:** MORTGAGE: PARAMOUNT LIEN. In May, 1878, plaintiff leased certain premises to F. by an oral lease. In May, 1879, F. purchased furniture for use on the premises, and nine months afterwards executed a mortgage thereon to secure the purchase-money. On October 1, 1880, the lessor levied a landlord's attachment upon the furniture for the last five and one-half months rent: *Held*, that the landlord had no lien for the rent in question, at the time the lien of the mortgage attached, and that the mortgage lien was paramount.

*Appeal from Delaware District Court.*

MONDAY, DECEMBER 19.

ACTION for rent, and to enforce a landlord's lien. A writ of attachment was issued and levied upon certain furniture used upon the premises. The lessee, the defendant Fowler, made

no defense. Ford Bros. intervened as mortgagees of the property levied upon. They raised no question as to the existence of the plaintiff's lien, but they claimed that the lien of their mortgage was paramount. The court held that the plaintiff's lien was paramount, and rendered judgment accordingly. The intervenors appeal.

*Bronson & LeRoy*, for appellants.

*Charles Husted*, for apppellee.

ADAMS, CH. J.—The case was submitted upon an agreed statement of facts, which are in substance as follows: In May,

1. CONDITION-
AL sale:
waiver of. 1878, the plaintiffs leased the premises by oral lease to the defendant, Fowler, for one year, with the privilege of five years. Fowler took possession of the premises and occupied the same as a hotel until the levy of the attachment, October 1, 1880, a period of about two years and four and a half months. The rent claimed is for the last five and a half months. The furniture levied upon was sold to Fowler by the intervenors in May, 1879, and was used upon the premises until seized by the plaintiffs under their writ. The sale to Fowler was upon credit, and the mortgage under which the intervenors claim was executed to them by Fowler to secure the purchase-money. But it was not executed until about nine months after the furniture was delivered to Fowler and placed by him upon the premises. After its execution it was recorded immediately. The foregoing are what we deem the essential facts, but there is one other fact embraced in the stipulation of facts upon which the intervenors greatly rely. They sold and delivered the furniture with an agreement with Fowler that he would secure the purchase-money by executing to them a mortgage upon the furniture, and the mortgage which was executed about nine months later, was executed in compliance with that agreement.

The lien for the rent in question is not paramount to the

mortgage, unless it attached before the lien of the mortgage did. The intervenors contend that it did not, and in our opinion their position is well taken. We do not, however, reach this conclusion upon precisely the same reasoning adopted by them in their argument. They claim that the sale and delivery of the furniture having been made with an agreement on the part of Fowler to give them a mortgage upon it for the purchase-money, the title did not pass until the mortgage was executed. The correctness of this position may be conceded unless the execution of the mortgage was waived. It has been held repeatedly that where a sale and delivery of personal property are made with an agreement upon the part of the purchaser that he will give a promissory note, or security for the purchase-money, or do some other act as a part of the transaction, which includes the sale, such sale is conditional, and the title does not pass until the thing to be done by the purchaser is done by him, or is waived by the vendor. *Whitney v. Eaton*, 15 Gray, 225; *Stone v. Perry*, 60 Ill., 48; *Paul v. Reed*, 52 N. H., 136; *Russell v. Minor*, 22 Wend., 659.

Where personal property is sold upon a condition, and is afterwards delivered without anything being said in regard to

2. LANDLORD'S lien: mortgage: paramount lien. the performance of the condition, or a long time is allowed to elapse before performance is insisted upon, a close question sometimes arises as to whether, as between the vendor and a third party claiming through the vendee, the conditions should not be deemed to be waived. A question of that kind might, perhaps, arise in this case were it not for a provision of statute, section 1922 of the Code, which precludes a person making a conditional sale of personal property from setting up title as against a creditor or purchaser of the vendee without actual notice, unless the conditional sale is reduced to writing, and is duly acknowledged and recorded. Under this statute, it appears to us to be immaterial whether the title passed or not prior to the execution of the mortgage. There is no pretense that the plaintiffs had

actual notice of the intervenor's claim, and nothing had been done prior to the execution of the mortgage to give constructive notice of it.

But the intervenors insist that the plaintiffs were not creditors of Fowler, in respect to this rent, at the time the mortgage was executed and recorded. If they are correct in regard to such fact, then the mortgage must be held to be paramount, and that, too, without regard to whether the sale as originally made was conditional or absolute.

It is not necessary to entitle a landlord to a lien for rent, that the rent shall have already accrued. It is sufficient if he have a contract by reason of which the rent is thereafter to accrue. *Garner v. Cutting*, 32 Iowa, 547; *Martin v. Stearns*, 52 Iowa, 345. But did the plaintiffs have a contract in February, 1880, when the mortgage was executed by which the rent in question was to accrue? We are unable to discover that they had. The only contract shown is the oral lease made in May, 1878, which was good for only one year. Code, § 3674. Indeed, by its own terms it was to expire in one year, unless the lessee should elect and agree to hold for four years longer. Possibly, as he continued to hold, we ought to infer that at the end of the first year, he did elect and agree to hold four years longer. If he did so, he might perhaps be bound by the agreement for one year's rent thereafter, but in the absence of a written lease he was not bound for more.

In our opinion the stipulated facts do not show that the plaintiffs had a lien for the rent in question at the time the lien of the mortgage attached, and we think the court erred in holding their lien to be paramount.

REVERSED.