DAVIS GASOLINE ENGINE WORKS COMPANY v. J. R. McHUGH AND H. RATE.

115 415
f128 674

115 415
f140 470

**Chattel Mortgages:** LANDLORD'S LEIN: *Priorities.* A chattel mortgage executed by a tenant to secure the purchase price of property, immediately on acquiring title thereto, is a prior lien to the landlord's claim for future accruing rent.

*Recording.* The fact that the mortgage is not recorded immediately on its execution cannot make it subject to the claim of the landlord, where the latter does not change his situation meanwhile in reliance on the tenant's ownership of the property.

**Contracts:** PURCHASE: *Agreement to purchase.* An order for a gasoline engine, providing that the buyer should pay therefor a certain sum, payments to be made "when engine is set

2  up, running and meeting your (the seller's) claims," etc., does not constitute a purchase, but is a mere agreement for a purchase on certain terms to be performed by the seller.

CONDITIONAL SALES.  A conditional sale within Code, section 2905, providing that no sale wherein the transfer of ownership of personal property shall be made to depend on any condition shall be valid as against any creditor of the purchaser who has actual possession thereof, without notice, unless in writing and acknowledged and recorded the same as chattel mortgages, is a sale to take effect on a condition to be performed by the purchaser.

Same.  A sale on approval, after condition performed by the seller, does not become complete until such approval by the buyer, though he is given custody of the goods before that time.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

TUESDAY, JANUARY 28, 1902.

ACTION in equity to foreclose a chattel mortgage executed by defendant McHugh, and securing his two promissory notes.  Defendant Rate claims a prior lien upon the property described in the mortgage, under a claim for rent.  There was a trial to court, and judgment and decree for plaintiff.  Defendant Rate appeals.—*Affirmed.*

*W. F. Murphy* for appellant.

*G. W. Swords* and *J. J. Ney* for appellee.

WATERMAN, J.—The case was tried on an agreed statement of facts, which we abridge as follows:  Defendant Rate was the owner of certain real estate in Iowa City, which he leased by written instrument to his co-defendant on January 17, 1900, for a term of five years, at an annual rental of $210, payable quarterly in advance.  The first quarter's rent was paid on the

execution of the instrument.  On the seventh day of January, 1900, McHugh gave to plaintiff a written order for the property in dispute,—a gasoline engine.  This order provides that McHugh will pay therefor the sum of $370, —one-half in cash, and the remainder in two equal promissory notes, which were to be secured by mortgage on the property so ordered; the payments to be made "when engine is set up, running, and 'meeting your· claims."  Plaintiff was to send a man at its expense to "start engine."  It was also provided that title was not to pass to McHugh until the conditions of the order had been fully complied with, and the notes paid.  In pursuance of this order the engine was shipped by plaintiff to McHugh, and on its arrival in Iowa City on the third day of February, 1900, it was taken at the latter's instance upon the leased premises.  On the twelfth day of that month plaintiff sent a man to Iowa City, who set the engine up, caused it· to run satisfactorily, and on the same day took from McHugh the notes and mortgage in suit.  The landlord's claim is that he has a lien for future accruing rent superior to plaintiff's mortgage, because the title to the engine passed to McHugh on the third day of February, when the property was received by him; it being at that time placed on the demised premises.

Considerable argument is devoted to the question of conditional sales, and the effect of the statute upon them. We need not go into this subject.  In our view, this order did not constitute a purchase.  It was only an agreement for a ·purchase upon certain terms first to be performed by the vendor.  A conditional sale, as contemplated in the statute (Code, section 2905), is one which is to take effect upon the performance of a condition by the vendee.  Under this order McHugh was to purchase after the machine was was set up, running, and meeting plaintiff's claims.  He was liable for nothing until these terms had been complied with, and until

he became liable for the purchase price there was no contract of sale. See *Bentley v. Snyder,* 101 Iowa, 1. The following is the rule laid down in *McClung v. Kelley,* 21 Iowa, 509, and which we think controls the case at bar: "Property does not pass absolutely unless the sale is completed; and it is not completed until the happening of any event expressly provided for, or so long as anything remains to be done [by the vendor] to the thing sold to put it into a condition for sale or to identify it." This is the general rule. There are exceptions where it is shown the intention was to have title pass at once. For the question of delivery and acceptance is largely one of intent. *Welch v. Spies,* 103 Iowa, 389. But there is no showing in this case which places it among the exceptions to the rule. Neither does this rule apply in cases of actual delivery and acceptance of the thing sold. But, as we shall attempt to show further on, that state of affairs is not to be found in this case. An expressed event was to happen here before there was a sale. The engine was to be made to run satisfactorily. Something remained to be done by the vendor to the thing sold before title passed to McHugh and he became liable for the price. The engine was to be set up by plaintiff. This is according to the construction given by the parties to the contract, as shown in the agreed statement of facts. These terms were fulfilled on the twelfth day of February, and, although McHugh had the custody of the property before, we do not think delivery was made until that day, *Allis v. Voigt,* 90 Mich. 125 (51 N. W. Rep. 190). The principles announced in that case would indicate that, under a contract such as we are construing, plaintiff would have the sole responsibility of transporting and setting up the engine. This was a sale on approval after condition performed by the vendor, and did not become complete until such approval by the buyer, although he was given custody of the subject of the contract before that time. *Plano Mfg. Co. v. Ellis,* 68 Mich. 101 ( 35 N. W. Rep. 841); *Wood*

*Machine Co. v. Smith*, 50 Mich. 565 (15 N. W. Rep. 906);
*Exhaust Ventilator Co. v. Chicago, M. & St. P. R. Co.*
66 Wis. 218 (28 N. W. Rep. 343). Manual custody of a
thing sold may be given without transferring possession. *Morse v. Railway Co.*, 73 Iowa, 226, 230.

We have, then, this condition of things: Title to
the engine did not pass to McHugh until February 12,
1900, after test made by the vendor, and at once the notes
and mortgage in question were executed. Of course the
physical act of executing the mortgage occupied a brief
space of time, and it is contended that in this interval the
landlord's lien attached. But we think the acceptance of
the property and the making of the mortgage must be
deemed one transaction. It is a well known rule that a
widow's dower is subject to a mortgage for purchase money
executed by her husband. *Thomas v. Hanson,* 44 Iowa,
651, and cases therein cited. These cases go upon the
theory that in contemplation of law no time intervenes
between the taking of the deed and the making of the mortgage, because both instruments are regarded as constituting
a single transaction. Plaintiff was oliged to take this engine
upon the leased premises in order to fulfill his contract.
It would be most unjust to say that he forfeited his property merely by so doing. The cases cited by appellant do
not seem to us to be in point. The one most relied upon
is *Thorpe v. Fowler,* 57 Iowa, 541. In that case, as here,
the contest was between the mortgagee and a landlord; but
there the mortgagee had sold and delivered the property to
the tenant, who placed it upon the leased premises, and
kept it there nine months before executing the mortgage.
What is said in the opinion as to the effect of the statute
governing conditional sales is of no moment in the present
case, for we do not rest our conclusion on that provision.

II. The mortgage, while made on the twelfth day
of February, was not recorded until two days thereafter.

Defendant does not, in argument, claim that any right of the landlord against it attached in this interval. We might, therefore, pass the matter without notice.

But it is proper for us to say that no such claim, if made, would have support in the law. The landlord did not change his situation during the time the mortgage was withheld from record. He put himself in no worse position in reliance upon the tenant's owernship of the engine, and therefore gained no rights because of the delay. *Rand v. Barrett*, 66 Iowa, 731. The conclusion we reach relieves us of the necessity of passing upon some questions raised by appellee as to the sufficiency of the record before us.

The judgment of the district court is correct, and it is AFFIRMED.