HIRAM ARNOLD, Appellee, v. E. J. HEWITT, ET AL., Appellants. ✓

Chattel mortgages: LANDLORD'S LIEN: PRIORITY. A mortgage given by a tenant for the purchase price of property taken onto the leased premises and as a part of the transaction of purchase, is superior to the lien of the landlord thereon for rent subse-quently accruing.

*Appeal from Jones District Court.*— HON. B. H. MILLER, Judge.

TUESDAY, OCTOBER 24, 1905.

ACTION to recover the value of certain sheep alleged to have been converted by defendants to their own use. A trial to the court resulted in a judgment in favor of plain-tiff, and the defendants appeal.— *Affirmed.*

*Jamison & Smyth,* for appellants.

*Park Chamberlain,* for appellee.

BISHOP, J.— The facts as evidently found by the trial court, and with which finding we are content, may be stated ·as follows: Prior to March, 1901, plaintiff and the de-

fendant Hewitt, both then living in Jones county, entered into an oral agreement in pursuance of which the former gave into the possession of the latter a flock of sheep; the understanding being that the same should be cared for by the latter, that each year the wool and the male lambs should be sold and the proceeds equally divided, that until the expiration of five years Hewitt should have no further or other interest in the sheep, and that at the end of that period the deal should be closed by an equal division of all the flock and the increase then remaining. Before the expiration of the five years, and on the date above named, the said Hewitt leased a farm of the defendant C. B. Chismore in Linn county and removed thereto. The lease was in writing and for one year, but with privilege on the part of Hewitt to extend the term to three years. In April, 1901, the parties to the lease verbally agreed upon the term as for three years. Plaintiff consented that the sheep might be taken to the Chismore farm, and this was done; the number of the sheep being then sixty. In June, 1901, and the contract period still having some time to run, pursuant to an agreement therefor plaintiff sold the entire flock to said Hewitt; the consideration agreed upon being the sum of $350. To secure payment of such purchase price, and as part of the same transaction, Hewitt executed and delivered to plaintiff a chattel mortgage covering as described sixty head of ewe sheep and lambs then with them, and all wool and increase therefrom, and being the flock of sheep then in possession of the mortgagor on the farm of defendant C. B. Chismore, in Linn county. Record of the mortgage was made in Linn county. Hewitt paid rent to Chismore for the year 1901; also a portion of that due for the year 1902. On August 1, 1903, he was owing on rent account $800, for which Chismore held his notes; one for $300 then due, and one for $500 due January 1, 1904. Some time before the date last named, and to apply in payment of said notes, Hewitt sold and delivered to Chismore all the sheep, lambs, and wool in

his possession; there being of the sheep forty-nine, and of the lambs seventeen, and two sacks of wool. A portion only of the indebtedness due from Hewitt to plaintiff having been paid when due, in August, 1903, plaintiff commenced his action in equity in Jones county for judgment and to foreclose .his said mortgage. Chismore was made a party defendant; the allegation as to him being that he claimed to have some lien upon or interest in the property, and that such lien or interest was inferior to the mortgage lien. In said action each of the defendants made default, and there was judgment against defendant Hewitt in the sum of $192.70 and costs, $32.62, and a decree of foreclosure as prayed against both defendants. An execution was issued and returned unsatisfied, with accrued costs in the sum of $3. Thereupon, and in October, 1903, the plaintiff commenced his action at law in Linn county against the defendant Chismore alone, alleging that the sheep, lambs, and wool so sold to him by Hewitt was all property covered by said mortgage, and all that was left thereof, and charging conversion of the same by Chismore to his own use. The value of the property so alleged to have been converted is said to have been $240. To this action Chismore appeared and filed answer and cross-petition. The answer is in the nature of a general denial. In substance the cross-petition asserts a landlord's lien in favor of defendant upon the property purchased by him, which lien was superior to that of plaintiff's mortgage; that the purchase price was credited upon the farm rent for the year 1902, and which became .due January 1, 1903. Plaintiff filed reply, denying a superior lien in favor of defendant, also pleading that the sheep were exempt property in the hands of Hewitt, and therefore not subject to a landlord's lien. By stipulation the decree in the foreclosure action was set aside as to defendant Chismore, and the actions were consolidated to be tried as an equity action in the Jones county court. The trial resulted in judgment for

plaintiff in the sum of $222.50 and costs, including the costs of the Linn county action.

It is not disputed but that plaintiff was entitled to recover the value of fifty sheep; that being the number which is by law exempt from execution (Code, section 4008), and hence not subject to landlord's lien (Code, section 2992). The contention now made in argument is that, of the number of sheep, four ewes were purchased by Hewitt from a third party subsequent to the mortgage and hence not included therein; that, adding five of the lambs to the forty-five sheep remaining, there was left twelve lambs which were subject to landlord's lien; and, such lien being paramount to the mortgage, plaintiff was not entitled to recover the value thereof. As to the wool it is contended that plaintiff had given consent to the same being sold, and hence should not be allowed to recover therefor; and as to this latter fact plaintiff makes admission. As to the twelve lambs in excess of the fifty for which it is conceded plaintiff may recover, the contention of defendant as now made is ruled against him by the case of *Davis, etc., Co. v. McHugh,* 115 Iowa, 415. It was there held that a purchase-money mortgage, given by a tenant as part of the transaction for purchase by him of property taken onto the leased premises, is a prior lien to the landlord's claim for future accruing rent. Now the evidence for plaintiff as to values was that the ewes were worth $4 per head and the lambs $2.50 per head. It is evident to our minds that the trial court accepted of these figures as correct, and this makes it clear that neither the value of the four ewes, the subject of contention, nor the value of the wool, entered into the judgment. It will be observed that forty-five head at $4 and seventeen head at $2.50 makes the exact amount of the judgment. By the stipulation filed plaintiff was entitled to recover, if at all, for the value of the sheep and the costs of the Linn county action. The amount of the judgment is within the aggregate of those sums.

We concludue that there was no error, and the judgment is *affirmed.*