ANCIENT ORDER OF UNITED WORKMEN, Appellee, v. M. A. MARTIN et al., Appellants.

CHATTEL MORTGAGES: Lien and Priority—Landlord's Lien. A purchase money mortgage, executed and delivered by a tenant, simultaneously with the delivery of the personal property upon the leased premises, takes priority over the landlord's lien.

*Appeal from Webster District Court.*—HON. C. G. LEE, Judge.

SATURDAY, NOVEMBER 27, 1915.

ACTION at law for damages for the conversion of property on which the plaintiff held a chattel mortgage. The case was tried to the court without a jury. There was a verdict for the plaintiff, and the defendants have appealed.—*Affirmed.*

*William S. Johnston* and *H. W. Stowe,* for appellee.

*Farrell & Cavanaugh,* for appellants.

EVANS, J.—The plaintiff held a chattel mortgage on the property of one Sanders. Sanders was a tenant of defendant

Mosher, and took the property upon the leased premises. Mosher levied a landlord's attachment upon the property. The defendant Martin was the constable who made the levy. The other defendants were sureties upon an indemnity bond given by the attachment plaintiff to the defendant officers after written notice by the plaintiff. The facts are in dispute in the testimony. The only question presented to us is whether the judgment of the district court has support in the evidence.

According to the testimony on behalf of plaintiff, the following facts appear from the record: The plaintiff, a fraternal organization, being the owner of certain billiard tables, contracted to sell the same to Sanders under an agreement whereby Sanders agreed to pay a certain amount of cash and to give a chattel mortgage on the property to the plaintiff for the balance of the purchase price. This agreement was made on October 21st. Previous to this time, Sanders had rented certain rooms from the defendant Mosher and had entered into possession of the same. On October 26th, he proceeded to move the tables into the rented premises. While in the course of moving the same, and while a part of the property was still upon the wagon and another part thereof had already been moved into the building, the mortgage was executed, as agreed. It is the contention of the defendant Mosher that his lien attached before the mortgage was executed. No question of notice is raised by the pleadings.

*CHATTEL MORTGAGES: lien and priority: landlord's lien.*

Under the agreement of sale, Sanders was not entitled to delivery of the property until the chattel mortgage was executed. Under the facts here appearing, the execution of the mortgage was simultaneous with the delivery. The date of such delivery and execution was October 26th. The defendants contend that the property had been moved into the building on October 19th. As already indicated, however, we must take the testimony most favorable to the plaintiff, in view of the finding of the trial court. Taking the facts as they thus appear, the plaintiff's mortgage had priority over the landlord's lien. See *Amundson v. Standard Printing Company,*

140 Iowa 464; *Davis Gasoline Engine Works Co. v. McHugh,*
115 Iowa 415; *Thorpe v. Fowler,* 57 Iowa 541.

The judgment of the district court is accordingly—
*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.