F. E. SNYDER, Appellant, v. W. C. COLLINS et al., Appellees.

**LANDLORD AND TENANT: Lien—Conditional Sales—Priority.** A
1   conditional sale of property,—one in which it is agreed that title shall not pass to the purchaser until he fully pays for the property,—executed *subsequent* to the execution of a lease, is prior in right to the landlord's lien for rent. (Sec. 2992, Code, 1897.)

**LANDLORD AND TENANT: Lien—Individual Property of Partner.**
2   Lessees who execute a lease *individually*, and not as a *partnership*, thereby subject their individual property used upon the demised premises to the landlord's lien for rent. (Sec. 2992, Code, 1897.)

**SALES: Conditional Sales—Priority over Landlord's Lien.** The
3   statutory requirement that conditional sales (wherein title is made to depend upon some condition) must be in writing, acknowledged and recorded, may not be invoked by a landlord who leased his premises *prior* to the conditional sale. (Sec. 2905, Code, 1897.)

*Appeal from Benton District Court.*—JAMES W. WILLETT, Judge.

OCTOBER 20, 1917.

REHEARING DENIED JULY 1, 1918.

ACTION at law to enforce landlord's lien for rent. The priority of this lien upon certain personal property was contested by the defendant J. J. Snyder Company. On trial to the court, it was found and adjudged that plaintiff's lien for rent was inferior to and subject to the claim of said J. J. Snyder Company; and plaintiff appeals.

*C. W. E. Snyder*, for appellant.

*W. C. Scrimgeour*, for appellees.

Weaver, J.—The cause was tried and the appeal has been submitted upon an agreed statement of facts, the reading of which sufficiently reveals the nature of the issues and the questions of law presented. The terms of the lease are not in dispute, and we do not set them out, except as certain clauses therein become material to an understanding of the stipulation on which the case was determined. We quote, so far as material, the mutual concessions and admissions of the parties, from the printed record:

1. LANDLORD AND TENANT: lien: conditional sales: priority.

"In Behalf of the Plaintiff.

"Mr. Snyder: It is agreed by the plaintiff and the defendant J. J. Snyder Company, Incorporated, that W. C. Collins and A. D. Collins entered into a certain lease with F. E. Snyder, of a certain business property in Belle Plaine, Iowa, on the 20th day of September, 1913, * * * at the monthly rental in advance of fifty dollars ($50) per month, for a five-year period from January 1, 1914; that, under said lease, said Collins entered into possession of the said premises on January 1, 1914, and opened a lunch room and restaurant, and a billard and pool room; that they purchased certain merchandise from the J. J. Snyder Company, Incorporated, and other persons, and placed same in said building and used the same as a part of their equipment in the conducting of the businesses above named; that the said Collins became delinquent on the rent of said building on April 1, 1914, being rent for the month of April, 1914, and never paid any rent thereafter; that judgment was obtained in this court against said Collins at the September, 1914, term, in the sum of $275 and costs; and that the landlord's attachment which had been levied on all of the merchandise

found in said building on April 1, 1914, was confirmed as to all property except that claimed by the J. J. Snyder Company, Incorporated, and which is fully described in the original contract between the J. J. Snyder Company and W. C. Collins, marked Exhibit 1; that all of the property contained in said building was sold at execution sale by the sheriff of Benton County, Iowa, except that claimed by J. J. Snyder Company, and the net proceeds of said sale was insufficient to pay off the face of said judgment and a part of the costs, leaving the unpaid part at issue; that the plaintiff had no actual or constructive notice of any claim by the defendant J. J. Snyder Company against any of said property, until the filing of the Exhibit 1, on the 4th day of April, 1914, at eight o'clock and thirty minutes A. M., which was recorded in Book 18, on page 6, of the records of the recorder's office of Benton County, Iowa, which recording was done by the defendant J. J. Snyder Company * * *; that there are no exemptions claimed under the statutes of Iowa as against any of this property, the same having been used for business purposes only, and not any household or family uses; that the property in controversy between the plaintiff and the J. J. Snyder Company, as specifically described in Exhibit 1, was brought into the building leased by said Collins on or about January 1, 1914, and remained therein until possession thereof was taken by the sheriff of Benton County, Iowa, under a landlord's attachment, issued in this case, and still remains in his possession, and the same was used by the defendants Collins in the conducting of their said business in said building from January 1, 1914, until about the 31st day of March, 1914, when they absconded, leaving said property in the building leased; that said property remained in said building until taken under the landlord's attachment; and that said building was untenanted except by said Collins' merchandise, as above described, until about September 15, 1914, when the building was leased to other

parties, and the claim of the plaintiff for rent ceased under said lease. Plaintiff offers and reads in evidence Exhibit A. Plaintiff rests."

"In Behalf of Defendant J. J. Snyder Company.

"Mr. Scrimgeour : It is agreed on behalf of the defendant J. J. Snyder Company as follows: That it entered into a certain written agreement with W. C. Collins, which is identified as Exhibit 1 herein, and herewith offered and made a part hereof, including the filing record of the recorder of Benton County, Iowa, Joe S. Pyne; that the property described in said Exhibit 1 was delivered to the said Collins under the terms of said contract, and by Collins said property was taken to the premises owned by plaintiff and described in said lease, on or about the 1st day of January, 1914; that, on or about the 4th day of April, 1914, the defendant J. J. Snyder Company demanded the possession of the property described in said Exhibit 1 from the landlord, to which demand the landlord refused to accede, which demand was made of the landlord by the defendant J. J. Snyder Company under and by virtue of his rights under said Exhibit 1. It is further agreed that all of the right, title, and interest that W. C. Collins has in the property described in Exhibit 1, arose under and by virtue of the terms of said Exhibit 1; and that there is remaining unpaid under said contract, Exhibit 1, the sum of $215 and interest at six per cent from April 7, 1914. Defendant J. J. Snyder rests."

The contract, Exhibit 1, referred to, under which it is agreed that the J. J. Snyder Company furnished to W. C. Collins the property in dispute, is as follows, omitting only formal parts, not affecting the issues in this case:

"The J. J. Snyder Company (Inc.)

"Des Moines, Iowa.

"Gentlemen :

"Please ship to the undersigned, at Belle Plaine, Iowa, the following described goods: (Here follows a detailed

statement and description of the property.)  *  *  *  Eight
hundred & sixty-five & no/100 dollars ($865). In considera-
tion of the above, the undersigned agrees to pay you, in law-
ful money of the United States, being price of goods F. O. B.,
on the following terms:  $300 cash with order; $300 cash
on arrival of goods: $265 in 10 monthly payments of $25
each, and 1 of $15, the amounts and times of payment of such
payments to be evidenced by promissory note in amount of
$265.  Upon refusal of undersigned to accept said goods
when tendered, or to make any cash payment above pro-
vided for, or to execute and deliver the note above provided
for, when presented for execution, it is agreed that the pur-
chase price of said goods, less the actual cash payment there-
on, shall at once become due and payable. Upon default of
payment of any payments, as provided by said note, it is
agreed that all unpaid payments shall at once become due
and payable. Upon failure of undersigned to make any pay-
ment provided for herein at the time same is due and pay-
able, you, or any person by your order, may take possession
of and remove said goods, with or without legal process;
and in any such case it is agreed that all payments hereto-
fore made to you hereunder shall be considered as having
been made for use of goods while in the possession of under-
signed, and such payment shall be retained by you as rental.
It is agreed that title to said goods shall not pass to under-
signed until the price thereof or any judgment for all or
part of the same is paid in full; and that, until such pay-
ment, said goods shall remain your property. * * *

"Accepted October 21st, 1913.

"W. C. Collins.

"The J. J. Snyder Co., (Inc.),

"By J. J. Snyder,

"Mailing address, Charles City."

As will readily be seen from the foregoing stipulation,
the first and decisive question presented is whether the land-

lord's lien for rent takes precedence over the claim of J. J. Snyder Company under its contract of conditional sale to the tenants.

At the outset of this discussion, we will consider the proposition advanced by the appellee that the case presented by the stipulation comes within the rule of *Ward v. Walker,* 111 Iowa 611, holding that, where the tenant is a partnership, or firm, the statute, Code Section 2992, giving the landlord a lien for his rent upon all personal property of the tenant kept or used on the premises during the lease, has no application to the property of an individual partner. The conceded facts, however, would seem to demonstrate that the case before us is not one of that character. It is true that counsel for plaintiff does, at times, speak of "the firm Collins & Son," as the lessee; yet the agreed statement is that W. C. Collins and A. D. Collins were the lessees from the plaintiff. Turning, also, to the lease itself, we there find it recited that the lease is made to "W. C. Collins and A. D. Collins," both of whom execute it in their individual names, no mention being found anywhere in the contract to the effect that the lessees constituted a partnership; while the order or contract upon which the goods in controversy were procured from defendant Snyder Company was made by the defendant W. C. Collins alone. These admitted facts so differentiate the case from *Ward v. Walker* that it does not afford a ruling precedent upon which the issue here presented may be determined. Where there are two or more lessees, it cannot be doubted that the individual property of either kept and used on the leased premises, is subject to the lien for rent.

On the other hand, it is not fully in line with *Crary v. Beatty,* (Iowa) 156 N. W. 745 (not officially reported), which is the appellant's chief reliance. Indeed, the question now pressed upon our attention was not there considered or

2. LANDLORD AND
   TENANT: lien:
   individual
   property of
   partner.

decided. In that case, the intervenor rested her claim for a reversal of the judgment appealed from upon three propositions only: (1) That the contract which she sought to enforce was a lease, and not a conditional sale; (2) that the landlord's lien had been waived by taking additional security; and (3) that there was no competent evidence of the amount of rent due. Each of these contentions being overruled, an affirmance of the judgment followed, of necessity. In *Handlan-Buck Mfg. Co. v. Waterloo Drop Forge Co.,* 173 Iowa 452, also cited, the party to 'whom the conditional sale had been made, had conveyed or transferred the property to a trustee, to secure certain of the company's creditors; and we held that, by such a sale or transfer to him, without notice, the trustee took the title unaffected by the condition. So, also, is the present case to be distinguished from *National Cash Register Co. v. Broeksmit,* 103 Iowa 271. There, the question brought to this court was not between the landlord and tenant, but between an attaching creditor and the vendor, who had sold the register to the tenant under a conditional agreement. Though the instant case is not without doubtful features, we conclude that it comes more properly under the rule applied by us in *Amundson v. Standard Printing & Mfg. Co.,* 140 Iowa 464; *Ancient Order of United Workmen v. Martin,* 172 Iowa 702; *Davis Gas. Eng. Works Co. v. McHugh,* 115 Iowa 415; *Arnold v. Hewitt,* 128 Iowa 671. It will be remembered that the conditional sale by the intervenor to Collins was made after the lease to Collins was executed, and some time before the latter took possession. It is clear, therefore, that no credit was extended to Collins on the strength of his possession or apparent ownership of the property, and that the landlord was not thereafter led, on the strength of such appearance, into any change of position to his loss or damage. The lien which he seeks here to enforce is one specially provided by statute, Code Section 2992; and, to be entitled thereto, he must bring himself

clearly within the statutory terms. *Merrit v. Fisher*, 19
Iowa 354. The lien thus created is upon the crops grown
upon the premises, and other personal property *of the tenant*
used or kept thereon during his term. If the tenant has or
uses on the premises personalty which is *not* his property, no
lien attaches to it under the statute. On this ground, it
seems to be settled that, if a tenant, while in possession, pur-
chases any item of personal property for use on the leased
premises, and, as part of the same transaction, gives to the
seller a chattel mortgage to secure the payment of the pur-
chase money, the landlord's lien will not be given priority
over the mortgage. See the cases last above cited. The
principle upon which these cases are to be sustained, though
not always specifically mentioned, would appear to be that,
as the statute confines the lien to the personal property of
the tenant, the title to such property must have passed to
him before the lien will attach; and, as the transfer of title
and the giving back of the mortgage become effective at the
same instant, the mortgage is superior to the landlord's lien.

Now, a sale, with condition that the title
3. SALES: condi-    shall remain in the seller until the purchase
tional sales:
priority over       price is paid, is good, as between the parties,
landlord's lien.
against all persons except those indicated by
the provisions of Code Section 2905. When, therefore, a
tenant already in possession receives property under a con-
ditional agreement of that kind, the only property he has
therein, as between himself and the vendor, is the right to
acquire the title, by performing the condition. That prop-
erty right may be subject to the landlord's lien; but the lien
so attaching is subject to the vendor's assertion of title.
The statute, Code Section 2905, which makes a contract of
conditional sale void or voidable against a creditor, or pur-
chaser from one in actual possession under a conditional
contract of that character, except where the agreement is in
writing and duly recorded, has no application in such cases.

The lien which the statute gives to the landlord upon property acquired by the tenant after he enters upon his term, is not materially unlike the lien of a mortgage which provides that it shall cover after-acquired property of the mortgagor; and it is settled that such lien is subject to any condition affecting the title to the property in the mortgagor's hands. *Fosdick v. Schall,* 99 U. S. 235; *Myer v. Car Co.,* 102 U. S. 1. It must be noted that this statement of the law is limited to cases where the property is purchased and brought upon the leased premises after the relation of landlord and tenant has been created; for, if the tenant, when the lease is executed, is already in exercise of apparent ownership of the property, and the conditional sale is not in writing and recorded, the landlord in such case is a subsequent creditor, who, if without notice, may treat the condition as void. In cases where a chattel mortgage is given to secure the payment of the purchase price of property brought upon the premises during the tenant's term, it is true that the tenant becomes owner of the title; but the passing of the title to him, and its encumbrance by mortgage to the vendor for the price, constitute but a single transaction; and, while the landlord's lien attaches, it is subject to the mortgage. In other words, the law recognizes no interim between the transfer of title to the purchaser and the lien of the mortgage given in return, which will permit the landlord's lien to be interposed between them. These things are fairly illustrated in *Amundson v. Standard Printing & Mfg. Co.,* supra, where there was both an agreement to give a mortgage and to suspend the passing of title until the contract of purchase had been carried out. In the cited case, there was considerable delay, after the property was taken upon the leased premises, before the transaction was closed; and it was held that the agreement that the title should not pass was sufficient to prevent the acquirement of any priority for the landlord's lien.

The judgment of the district court deprives the plaintiff of no right he had under the statute, and it is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.