Trustees of the Frederick M. Hubbell Estate, Appellants, v. W. F. Davison et al., Appellees.

**LANDLORD AND TENANT: Lien—Conditional Sales—Priority.** A written contract of sale, conditioned that title to the property sold shall not pass until paid for by the tenant purchaser, is superior in right to the landlord's lien for rent, even though the purchase of the property, the delivery thereof in installments to the tenant on the leased premises, and the later execution of said written contract, were all subsequent to the commencement of the lease, *provided the written contract was executed in pursuance of an oral understanding to that effect, had prior to any delivery of the property.*

**SALES: Series of Acts Constituting One Transaction.** A sale which contemplates a delivery of property in installments, and, at the close of deliveries, the execution of a written conditional sale contract, and consummated in accordance with such contemplation, will be treated as a single transaction.

*Appeal from Polk District Court.*—Chas. A. Dudley, Judge.

## July 1, 1918.

This is an action for rent, aided by landlord's attachment. The property involved is a lot of fixtures, furniture, and cooking utensils, sold by intervenor to the defendant for use in a restaurant. The property was purchased and taken on the leased premises (which were occupied by defendant under a written lease with plaintiff) after the execution of the lease, and after possession had been taken of the premises by the defendant. It is the claim of intervenor that the attached property was sold under an arrangement whereby title thereto should remain in intervenor until it was fully

paid for; and that, as a portion of the property had to be ordered, the execution of the written contract offered in evidence would be deferred until later; but that same was finally executed, in pursuance of the oral agreement or understanding of the parties. Pending the litigation, by agreement, the property was taken into the possession of, and held by, intervenor. A jury was waived, and the cause tried to the court, which found that the lien of intervenor was superior to that of plaintiff, and that intervenor was entitled to retain final possession of the property. Judgment was entered against plaintiff for the costs incurred in the intervention proceeding. Plaintiff appeals.—*Affirmed.*

*James A. Howe,* for appellants.

*Dunshee, Haines & Brody,* for appellees.

Stevens, J.—I. The written lease of the building in which the property in controversy was used, is dated October 23, 1915; and the conditional sale contract between defendant and intervenor bears date April 5, 1916.

1. LANDLORD AND TENANT: lien: conditional sales: priority.

It appears from the evidence that an oral arrangement was first made between intervenor and defendant in February, for the sale of the property. Intervenor not having all of the merchandise in stock, a portion only was then delivered; but delivery was made in installments until completed. Shortly after the goods had all been delivered, the written contract was executed. Defendant had previously purchased goods of intervenor upon contracts, reserving title in intervenor until the goods were paid for. At the time of the purchase, the terms of the written contract to be executed were not fully gone into; but it is fairly inferable from the testimony that both parties understood that a written contract would be executed, and that title was to be reserved in intervenor until the goods were paid for. The matter of executing the

contract was mentioned two or three times during the negotiations. As executed, the written contract provided that title should not pass until the goods were finally paid for. Had this contract been executed at the time the goods were purchased, there would be, under our holding in *Snyder v. Collins*, 184 Iowa 122, no question of intervenor's right to the disputed property. At the time it was executed, defendant was financially embarrassed; and it is argued by counsel for appellant that the terms of the contract cannot prevail, as against the lien of the landlord, for the reason that, at the time the goods were sold and delivered, title passed to the defendant, and the written contract reserving title in intervenor was not then in contemplation of the parties.

The court, however, found that defendant did not acquire title to the property, and that the lien of the landlord was junior to that of intervenor. This finding, which has support in the evidence, has the effect of the verdict of a jury.

The oral agreement contemplated that title should remain in intervenor until the goods were paid for, and that a written contract would be executed later. It was, therefore, in effect, a single transaction, contemplating the delivery of the property in installments, subject to the terms of the written contract to be subsequently signed. The case comes squarely within our holding in *Snyder v. Collins*, supra, and the decision in that case is controlling here. The judgment of the lower court must, therefore, be—*Affirmed*.

2. SALES: series of acts constituting one transaction.

PRESTON, C. J., WEAVER, EVANS, and GAYNOR, JJ., concur.