HENRY G. BARRETT, Appellant, v. WILLIAM MARTZAHN et al., Appellees.

CHATTEL MORTGAGES: Lien and Priority — Purchase-Money
1. Mortgage. A landlord's lien, which attaches, under the statute, upon property as soon as it is brought upon the premises, covers only the property rights of the tenant therein, and is not prior to a purchase-money mortgage covering personal property brought upon the leased premises.

LANDLORD AND TENANT: Rent—Lien—Prior Chattel Mortgage.
2 The mere bringing of mortgaged property upon leased premises, and thereby within the operation of the lease, does not make the landlord a subsequent incumbrancer for value, so that he can claim a priority of his lien over the purchase-money mortgage, on the ground that the property was brought upon the leased premises before the filing of the mortgage for record.

CHATTEL MORTGAGES: Lien and Priority—Agreement for Sale.
3 An agreement between a mortgagor and a mortgagee that the mortgaged property might be sold at public sale, and the proceeds paid to the clerk of the sale, and that he should apply the same on discharge of the mortgage, is a valid and binding one; and the mortgagee was entitled to have his mortgage

satisfied from the proceeds, and did not waive the lien of his mortgage by consenting to the sale.

**LANDLORD AND TENANT:** Rent—Lien—Garnishment of Proceeds of Sale. A landlord acquires no right to the proceeds of a sale of tenant's property by garnishment on a clerk of the public sale, under a landlord's attachment, before the sale takes place, although he might have attached the property sold.

**COSTS:** Apportionment—Right to Complain. One who has no interest in the residue of a fund out of which the court has ordered that the costs of a public sale shall be taken, cannot complain, since the party whose claim is diminished by the payment of the costs is the only one who can complain.

*Appeal from Buchanan District Court.*—CHARLES W. MULLAN, Judge.

## JULY 1, 1919.

THIS action involves the question of priority of liens upon the property of a tenant and upon the proceeds of a public sale of such property. From the findings of the trial court, the plaintiff alone appealed.—*Affirmed.*

*A. W. Fisher, M. A. Smith,* and *Randall, Courtney & Harding,* for appellant.

*Hasner & Hasner, Chappell & Todd,* and *Cook & Cook,* for appellees.

EVANS, J.—I. The present action involves a consolidation of seven suits, three of which were brought by the plaintiff. The defendant in all the suits was Martzahn, who was a tenant on the farm of the plaintiff. He had been such tenant under two successive leases, each for a three-year term. The plaintiff brought two suits for balance of rent due, the first being for rent due under the first lease, and the second for rent due under the second lease. He brought a third suit upon a promissory note for borrowed money. The other parties to the controversy were creditors of

Martzahn's, some of whom were purchase-money mortgagees of property taken upon the rented premises. In February, 1914 (the lease terminating on March 1st), Martzahn held a public sale of his personal property situated upon the premises. Under the terms of the lease, Barrett, as landlord, was to have a lien upon all the property of the defendant which should be taken upon such premises. Included in such property was a large amount which had been purchased from one Jamison, and for which Martzahn had executed his notes and purchase-money mortgages. The first controversy presented is as between Barrett and Jamison and the assignees of Jamison. The plaintiff claims priority of lien over the purchase-money mortgages, on the ground that the property was taken upon the leased premises before the mortgages were actually filed for record.

1. CHATTEL MORTGAGES : lien and priority : purchase-money mortgage.

The trial court established the priority of the mortgages. Such finding of the trial court was clearly correct. Plaintiff's lien attached by operation of law upon the property as soon as it was brought upon the leased premises, but it attached only to the property right of the tenant. It was co-extensive with such right, neither more nor less. The tenant held such property subject to the purchase-money mortgage. The landlord's

2. LANDLORD AND TENANT : rent : lien : prior chattel mortgage.

lien attached in like manner. The question of constructive notice to the landlord by recording the mortgages is not applicable. The mere bringing of the property upon the leased premises, and thereby within the operation of the lease, did not of itself make the landlord a subsequent incumbrancer for value. Such notice would only become important when the landlord in some manner changed his position, in reliance upon his new lien. This question is fully settled by our previous cases. *Amundson v. Standard Printing Co.,* 140 Iowa 464; *Davis Gas. Eng. W. Co. v. McHugh,* 115 Iowa

415; *Ancient O. of U. W. v. Martin*, 172 Iowa 702. Nor was it available to the plaintiff to challenge the sufficiency of the description in the mortgages. Until his position had been in some manner changed, he had no interest in such question. His rights were the same, whether the description was good or bad. The purpose of the description would be to impart notice, and the plaintiff could not be interested in such description until he was entitled to such notice.

II. It is further urged by plaintiff that Jamison waived his mortgages by consenting to the sale of the property, and that, the property having been sold, pursuant to such consent, his mortgage lien could not attach to the proceeds. The public sale was had pursuant to an agreement with the mortgagee that the proceeds of the property included in Jamison's mortgages should be paid to Bain, as clerk of the sale, and that Bain should apply the same to the discharge of the mortgages. It was the testimony of Martzahn that the plaintiff also had consented to such sale. But the plaintiff denies such consent, and further denies that it was competent for the mortgagee, by such agreement, to transfer his mortgage lien from the mortgaged property to the proceeds.

3. CHATTEL MORTGAGES: lien and priority: agreement for sale.

That such an agreement between mortgagor and mortgagee is valid and binding is settled by our previous holdings. *Bergman & M. v. Guthrie*, 89 Iowa 290; *Hoyt v. Clemmans*, 167 Iowa 330; *Bank of Hinton v. Swan*, 156 Iowa 715. Under the foregoing holdings, the trial court properly awarded to Jamison and his assignee the proceeds of the mortgaged property. This brings us to the disposal of the remainder of the fund.

III. The remainder of the fund, over and above the amount awarded to Jamison, was about $1,000. This was less than the amount due the plaintiff in his three suits.

4. LANDLORD AND
TENANT: rent:
lien: garnish-
ment of pro-
ceeds of sale.

He had sued out landlord's attachments in his two rent suits, and an ordinary attach- ment in the third suit. He had served all his attachments by garnishment of the clerk of the sale, on the date thereof and imme- diately before the sale had begun. He therefore claimed the remaining fund, under his garnishments. It will be seen that the plaintiff had a lien for his unpaid rent upon all the property from the sale of which such proceeds were received. That he could have enforced his lien by attach- ment of the property in advance of the sale is clear. That he could have transferred his lien from the property to the proceeds in the hands of Bain, by an agreement to that effect with his tenant, is also clear. Although the plaintiff denies that he ever consented to the sale, he has not sought in this suit to enforce his lien against the property. The finding of the trial court, therefore, that he consented to the sale, and thereby lost his lien upon the property, does not materially affect him in this case. The plaintiff's claim of priority herein is based upon his garnishments of Bain as clerk of the sale. He does not claim that his lien was transferred to the proceeds. On the contrary, in his con- troversy with Jamison he denies the validity of such a contention, as a proposition of law. The three garnish- ments of the plaintiff were first in order of service on Bain. The trial court awarded him a first lien on the fund under his garnishment in his action on the promissory note for money loaned, and denied him any relief under his garnish- ments in his two actions for rent. In other words, the trial court held that such garnishments were invalid and inef- fective, because they were served only under a landlord's at- tachment. In a suit for rent, the plaintiff was entitled to a landlord's attachment without bond. Such attachment, however, could be served only upon the property upon which the plaintiff had a landlord's lien. The very purpose of the

landlord's attachment is to enforce the landlord's lien. Necessarily, he could not make valid levy of a landlord's attachment upon property not subject to the landlord's lien. The landlord's writ of attachment issued to the plaintiff in his first suit for rent directed the sheriff "to attach the crops grown on said premises between the 1st day of March, 1912, and the 1st day of March, 1913, and also any other personal property of the said William Martzahn and Emma Martzahn which has been used or kept for sale upon said premises between said dates, and not exempt from execution, wherever the same may be found in your county, or so much thereof as shall be necessary to satisfy the said sum of six hundred eleven and 62/100 dollars, with interest as aforesaid and costs of suit, and safely preserve the same to be dealt with according to law; and of this writ make legal service and return to our said court on or before the first day of the next term thereof." The sheriff had no authority to attach any other property than therein described. He could have attached thereunder the property which was being offered for public sale. But the plaintiff's agent directed him otherwise, and directed him to serve the writ by garnishment of the clerk. This was done in advance of the sale, and before any proceeds had come into the hands of the clerk. It indicated, therefore, an affirmative purpose to waive his lien upon the property then being offered for sale. The method of procedure was very unfortunate for him, and was, doubtless, the result of erroneous judgment. He cannot re-assert his lien upon the property, because innocent purchasers have bought the same. He cannot mend his hold in the garnishment proceedings, because the rights of other garnishers have attached. We see no escape for him from the finding of the trial court.

IV. Complaint is made by the appellant, in that the court did not apportion the costs of the public sale among the beneficiaries of the proceeds in the hands of the clerk,

but paid other prior beneficiaries the full amount of their claims, and left the full

**5. Costs: apportionment: right to complain.**

amount of costs to be taken out of the residue of the fund. The appellant has no interest in this question. So far as he had any lien upon the fund, he was paid in full. The last party in line of priority, whose claim is only partially satisfied, is the only person in a position to complain of this appropriation for costs without apportionment. He does not complain. On the contrary, he appears here as an appellee, and defends the judgment of the trial court *in toto*. Such judgment is, therefore,—*Affirmed*.

LADD, C. J., GAYNOR and PRESTON, JJ., concur.