RACHEL J. MILLER, Appellant, v. SWARTZLENDER & HOLMAN,
    Appellee; ALBERT PICK & COMPANY, Intervener.

**APPEAL AND ERROR:** Assignment of Error—Requirements. Assign-
ments of error must be specific; moreover, they must be argued;
and, in general, assignments not made in accordance with the rules
will be disregarded.

**PLEADING:** Motion Attacked After Answering. One who has answered
a pleading may not thereafter attack it by motion without with-
drawing the answer under permission of court.

**LANDLORD AND TENANT:** Rent—Lien—Priority of Purchase-Money
Mortgage. A purchase-money mortgage on personalty, even though
defectively acknowledged, executed by a tenant subsequent to the
execution of the lease and possession by him under the lease, is
prior in right to the landlord's lien for rent.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

MAY 3, 1921.

REHEARING DENIED OCTOBER 1, 1921.

DEFENDANTS operated in Cedar Rapids a restaurant known
as the "College Inn," under a written lease with the plaintiff.
This action was originally instituted to enforce a landlord's·
lien on defendant's property located on the leased premises.
Intervener's claim is predicated on the allegations that the per-
sonal property in controversy was sold to the defendants, and
that title to said property remained in the intervener until the
performance of certain conditions on the part of·the defendants.
A part of the purchase price of the merchandise sold to defend-
ants was paid, and notes secured by mortgage were executed and
delivered for the balance. The defendants made no appearance
nor filed answer in this action. The trial court established the
lien of the intervener as superior to the landlord's lien, and
judgment was entered accordingly. Plaintiff appeals.—*Af-
firmed.*

*Rickel & Dennis,* for appellant.

*Ring & Hann,* for appellee.

DE GRAFF, J.—I. Numerous errors are assigned by appellant, but it is quite apparent that the rules of this court in the preparation of brief and argument have not been observed.

1. APPEAL AND ERROR: assignment of error: requirements.

Assignments of error must be specific, to present a question for decision in this court. Error is not presumed, nor can we be expected to search the record to ascertain whether there is something upon which error may be predicated. *Pierce v. Wilke,* 165 Iowa 386; *Mondamin Bank v. Burke,* 165 Iowa 711.

Assignments of error must be argued, or they will be considered abandoned. *Winsor & Son v. Mutual Fire & Tor. Assn.,* 170 Iowa 521; *Hollgren v. Des Moines City R. Co.,* 174 Iowa 568; *Thompson v. Romack,* 174 Iowa 155.

In general, it may be stated that propositions assigned as error, when not presented in the manner and form required by the rules of this court, will not be considered on appeal. *Lamkin v. Lamkin,* 177 Iowa 583.

II. Plaintiff moved to strike intervener's amendment to the petition, filed December 3, 1918. Plaintiff had filed an answer to said amendment on December 4th. The motion to strike was

2. PLEADING: motion attacked after answering.

made on December 16th, after the cause was fully submitted to the court. It was properly overruled. An amendment to a petition cannot be attacked after the filing of answer thereto, without withdrawing the answer by leave of court first had and obtained. This was not done.

III. It is contended by appellant that the lease in question contained, in addition to the landlord's lien, a chattel mortgage lien "on all goods, furniture, fixtures, and other property of

3. LANDLORD AND TENANT: rent: lien: priority of purchase-money mortgage.

every nature, which shall have been kept, stored, or used in or about said leased premises or used in connection therewith during the entire term of this lease," to secure the payment of the rent.

In other words, it is claimed that a twofold lien existed by virtue of the lease, and that for this reason plaintiff's rights

were superior to the lien of the purchase-money mortgage given by defendants to intervener subsequently to the execution of the lease. We can recognize but two liens in this case: the landlord's lien and the purchase-money mortgage lien. No other liens are in issue.

If the tenant is in the apparent ownership of personal property when the lease is executed, and the conditional sale of such property is not in writing and recorded, then and then only is the landlord considered a subsequent purchaser, within the purview of Section 2906 of the Code; and if without actual notice of the real ownership, he may treat the condition as void. This is not the instant case.

Under the terms of the lease in question, plaintiff Miller had a lien upon all of the property of the defendant located or placed upon the premises, and upon none other. The landlord's lien existed by operation of the law, but it attached only to the property rights of the lessee. It was coexistent and co-extensive with such rights. This being true, the lessee possessed and held the property in controversy subject to the purchase-money mortgage, and the landlord's lien was subject in like manner to these conditions. The sale and mortgage constituted a single transaction, and plaintiff acquired no rights intervening between the sale and the giving of the mortgage.

It is further contended by appellant that plaintiff had no actual knowledge of the existence of intervener's claim, and that the filing of the purchase-money mortgage did not constitute constructive notice, for the reason that the said mortgage was defectively acknowledged; so that the recording, under the provisions of Section 2905 and 2906 of the Code, did not make it a valid instrument against the landlord.

The doctrine of constructive notice by recording the purchase-money mortgage is not applicable, and no other lien on the part of the landlord is involved herein.

The mere bringing of personal property upon the leased premises, so as to fall within the operation of the lease, does not, *per se,* make the landlord a subsequent purchaser for value.

It has been repeatedly affirmed by the decisions of this court that the giving of a purchase-money mortgage by a tenant, as part of the transaction of purchase by him, constitutes a lien

in favor of the vendor on such property, superior to the lien of the landlord for rent.

This case is ruled by the following: *Barrett v. Martzahn,* 186 Iowa 548; *Trustees Hubbell Est. v. Davison,* 184 Iowa 131; *Snyder v. Collins,* 184 Iowa 122; *Amundson v. Standard Ptg. & Mfg. Co.,* 140 Iowa 464; *Ancient Order of U. W. v. Martin,* 172 Iowa 702.

The judgment entered by the trial court is, therefore,— *Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.