SWEEZEY v. COLLINS *et al.*

**False representations: IN SALE OF LAND.** To enable a defendant to plead, in equity, as a defense to notes and a mortgage given for land, that the plaintiff made false and fraudulent representations as to the quality of the land sold, it is not essential that the representations should have been known to be false by the person making them. Relief will be granted in such case on the ground of mutual mistake.

*Appeal from Iowa Circuit Court.*

MONDAY, JUNE 16.

ACTION by plaintiff as the assignee of two promissory notes, dated April 25, 1868, payable to A. S. Blakeslee or bearer, on the 1st day of May, 1870 and 1871, respectively, and to foreclose a mortgage executed to secure the same.

Defense that the notes were executed to A. S. Blakeslee in consideration of the sale to defendant of certain real estate which Blakeslee falsely and fraudulently represented to defendant to contain seventy-five acres, when he well knew that said tract contained but sixty-four acres and forty-six and one-half rods.

Jury trial. Judgment for plaintiff. Defendants appeal.
The facts are stated in the opinion.

*Hedges & Murphy* for the appellants.

*Rumple & Lake* for the appellee.

DAY, J. — From the evidence it appeared that the note maturing May 1, 1870, was sold to plaintiff after the same became due. There was also evidence tending to show that the land was purchased by the acre; that the defendant was particular as to the quantity, and that Blakeslee represented that there were seventy-five acres in the piece. It clearly appears, also, that the tract contains but sixty-four acres and forty-six and one-half rods.

The description in the deed to defendant is as follows: "Seventy-five acres off of the west side of the south-east quarter of section number twenty-four; township, number eighty-one; range, number eleven west; bounded as follows: Commencing at a point where the Marengo and Blairstown road, as surveyed and platted, crosses the south line of said south-east quarter; thence along said road due north to the north line of said south-east quarter; thence west to the north-west corner of south-east quarter; thence south to the south-west corner of said south-east quarter; thence east to the place of beginning."

The court instructed the jury as follows: "To enable defendant to recover on his claim, you must find that said defendants' grantor falsely and fraudulently represented said tract to contain seventy-five acres, and that the said grantor knew at the time he made such representations that the same

were false and fraudulent, and that defendant relied on such representations, and that said representations are untrue." The defendants excepted to the giving of this instruction, and assign the same as error.

In support of the action of the court, appellee cites and relies upon *Holmes* v. *Clark*, 10 Iowa, 423; and *Hallam* v. *Todhunter*, 24 id. 166. Both these cases are actions at law . in which damages were sought to be recovered for false and fraudulent representations, and this fact was a controlling one in both. In *Holmes* .v. *Clark*, LOWE, Ch. J., announcing the opinion of the court, and referring to the necessity of preserving the distinction between fraud and mistake, holds this language: "It is true, in a transaction of this kind, the plaintiff may have been equally surprised by a mistake or by a fraud. If so, he has a like easy and full remedy. Not of this description, in a court of law, to be sure, but in a court of equity, whose peculiar province it is to rectify mistakes and grant the appropriate relief incident to the same; and this could have been done, according to our conception of the true spirit of the Code, without leaving the court, by simply changing the statement in the petition so as to address the equity side of the court."

And in *Hallam* v. *Todhunter*, while it was held that no recovery could be had for fraudulent representations unless the party making them knew them to be false, yet the following language is employed: "In view of the peculiar condition of the transcript in this case, and the probability or possibility that defendant may have a cause of action against the plaintiff for the deficit in the number of acres conveyed, on the ground of mistake or otherwise, the judgment of the district court will be affirmed, but will be expressly so modified as to be without prejudice to the defendents' right of action for the deficit on the ground of mistake, or otherwise than for fraud." This action is for the foreclosure of a mortgage, and is pending in equity.

Although the defendant alleges, in his answer, that the representations of Blakeslee were false and fraudulent, and known

to be untrue, yet he is required to prove only so much of these allegations as may be necessary to maintain his defense in the forum in which the action is pending. Section 2966 of the Revision is as follows: "If a party state more facts, or a greater title or estate than is necessary to entitle him to the relief claimed, and such facts, estate or title be denied to the full extent, he shall not be compelled to prove more than is necessary to constitute a claim to the relief prayed, or to any lower degree of relief, included in the relief prayed. And if a party states in his answer or reply, more than is needed for his defense, he shall not be compelled to prove more than is needed for his defense." The allegation that Blakeslee falsely represented the land to contain 75 acres, includes either of two statements : That he knew the representation to be false, or that he mistakingly believed it to be true.

The jury, by their verdict for plaintiff, have found that he did not know the representation to be false. The evidence clearly shows that the representation was false in fact. Hence, Blakeslee must have been mistaken as to the quantity of acres contained in the tract. From the evidence it also appears that defendant supposed he was buying 75 acres of land, and that he acquired in fact but little over 64. We have, therefore, a case of mutual mistake. Mistake furnishes one of the principal grounds of equitable jurisdiction. That relief will be granted where land is purchased by the acre, and it falls materially short of the designated quantity: See Hilliard on Vendors, p. 329, and cases cited.

And that a court of equity will grant relief where the party making a false representation did not know the same to be untrue: See *Wilcox* v. *The Iowa Wesleyan University*, 32 Iowa, 367.

We conclude that the doctrines laid down by the court in the instruction given are not applicable to an issue pending as was this one, upon the equity side of the court, and which fairly includes a question of mistake, and that the judgment should for that cause be

Reversed.