Montgomery v. Shockey.

MONTGOMERY v. SHOCKEY *et al.*

37  107
91  227
37  107
99  555
100  594
37  107
113  639
37  107
f133  614

1. **Equitable jurisdiction:** FRAUD: MISTAKE. In an equitable proceeding to set aside a conveyance on the ground that it was procured by the false and fraudulent representations of the grantee, relief may be granted on the ground of mutual mistake, should the proof fail to show that the representations were known to be false by the party making them.

2. —— TENDER OF RECONVEYANCE. That the deed tendered by the plaintiff as a reconveyance in such case is irregular in form, will not defeat plaintiff's right to relief. The rights of the defendant will be properly protected by the decree.

3. **Pleading:** AMENDMENT. An amended petition is to be taken as part of, and construed in connection with the original, and relief asked in the original applies to the amendment.

*Appeal from Decatur District Court.*

FRIDAY, SEPTEMBER 19.

ACTION in equity to set aside a conveyance by plaintiffs to the defendants Nancy and John Shockey of the west half of the north-west quarter of section 23, township 68 north, range 24 west, in Decatur county, executed June 20, 1866.

The petition alleges that said defendants claiming to own 80 acres of land in Reynolds county, and 50 acres of land in Ripley county, Missouri, represented to plaintiffs that the 50 acres were fenced and in a good state of cultivation, and had a good house, a hewed log barn and a small young orchard thereon, and that all of said lands were contiguous.

That plaintiffs relying upon these representations were induced to deed the said 80 acres of land in Decatur county, to defendants, in consideration whereof defendants deeded the said lands in Reynolds and Ripley counties, Missouri, to plaintiffs. That the representations made by defendant were wholly false. That the lands in Missouri have no house, barn or orchard thereon, or any other improvements, and that said lands are not contiguous.

That plaintiffs tendered to defendants good quit-claim deeds

to the lands conveyed by defendants to petitioners, and demanded a quit-claim deed to the lands in Decatur county conveyed by plaintiffs to defendants. That defendants utterly refused to convey said lands to plaintiffs. Plaintiffs pray that the title to said lands in Decatur county be declared vested in petitioners, and that a commissioner be appointed to convey the same to them.

In an amendment to the petition it is alleged that long before the conveyance of the lands in Missouri to plaintiffs they were sold for taxes and forfeited to the State of Missouri, and that defendants had no title thereto, and that on the 26th day of December, 1866, the defendants, John and Nancy Shockey, with intent to cheat and defraud petitioners conveyed the lands in Decatur county, Iowa, to their minor children John Shockey, Jr., Martha Shockey and Joseph Shockey.

The said minors appeared by their guardian *ad litem* duly appointed by the court, and filed their answer denying all the allegations of the petition adverse to their interests, but admitting that the land was conveyed to them.

The defendants John and Nancy Shockey also filed a general denial.

The cause was referred to J. B. Morrison to report facts and legal conclusions, who found that Nancy and John Shockey induced plaintiffs to make said exchange by false representations, and that Nancy and John Schockey conveyed the Iowa lands to their children without consideration, and for the purpose of defrauding plaintiffs.

The referee recommended that a commissioner be appointed to convey the lands in Decatur county to the plaintiffs.

The defendants' motion to set set aside the report of the referee was overruled, and judgment was entered as recommended.

Defendants appeal.

*J. W. Penny* for the appellants.

No appearance for the appellees.

DAY, J.— In the conflicting state of the testimony the case is not altogether free from doubt, yet from a careful review of the evidence we think it preponderates in favor of the judgment of the court below.

1. EQUITABLE JURISDICTION: fraud: mistake.

It is quite satisfactorily established that the two tracts of land are fifty miles apart, and that the fifty acres in Ripley have not, and never have had any improvements thereon, and that said tract is hilly, rocky, and worthless for agricultural purposes.

The weight of the evidence shows also that the defendants Nancy and John Shockey, by their declarations and representations, induced plaintiffs to believe that the lands in Ripley county were improved, and in state fit for cultivation, and that but for such belief plaintiffs would not have made the exchange.

The only real point of difficulty is as to whether the defendants knew their representations to be false. But if they did not know them to be false, they honestly believed them true, and there was a case of mutual mistake, which is as frequent and as satisfactory a ground of equitable interposition as fraud itself. And that this ground of relief is available under the issues made, see *Sweezey* v. *Collins et al.*, 36 Iowa, 589.

Some technical objections are made to the granting of the relief asked, which demand but brief notice. The Missouri lands were owned by the defendant Nancy Shockey. The quit-claim deed tendered was to Nancy and John Shockey. This furnishes no substantial objection to the relief asked. All that is required of plaintiffs is that they show a readiness and an ability to do equity. If it had been suggested in the court below that the quit-claim should be to Nancy Shockey alone, there can be no doubt that plaintiffs would have been ready to have so made it; and even now defendants may have a decree directing the conveyance to be so made if they desire it.

2. —— tender of reconveyance.

It is further objected that the amendment to the petition asks no relief against the minor children of the defendants

3. PLEADING: amendment.     John and Nancy, and that a plaintiff can have no relief beyond what he asks. But in the original petition plaintiffs ask that the title to said lands be vested in them, and that a commissioner be appointed to convey to them.

The amendment to the petition with the original petition constitutes but one pleading. Rev., § 2983. The prayer for relief, in the original petition, is, therefore, applicable to the amendment.

We discover no substantial objection to the judgment of the court below.                                                        Affirmed.