MARY WOOD v. B. L. STEDWELL *et al.*, Appellants.

Setting Deed Aside: Parent to Child: INSUFFICIENT EVIDENCE.
1     Where a sale to her child, made by an old woman who, though infirm, is competent to do business, is advantageous to her, it will not be set aside because her son, who had no authority from the grantee to make such representations, innocently represented to her that the
3     purchase price notes were not taxable.

SAME: PAYMENT DOWN. Nor because the agreed cash part of the price
2     was not all paid when deed was made but soon after, the grantor stating that she was in no hurry for it.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

SATURDAY, MAY 19, 1894.

ACTION in equity to set aside a deed of conveyance of certain land. Decree was entered for the plaintiff. Defendants appeal.—*Reversed.*

*Willard & Willard* for appellants.

*Edward Mills* and *L. L. De Lano* for appellee.

GIVEN, J.—I. Prior to October 2, 1891, the plaintiff and defendant, through William Wood, entered into an oral agreement whereby plaintiff sold to defendant her farm of eighty acres for the consideration of three thousand, two hundred dollars, seven hundred dollars of which was to be paid in cash, and the remainder in ten equal annual payments, without interest, for which defendant was to give his promissory notes secured by mortgage on the land. On October 2, 1891, the parties met, and executed and delivered the papers, as agreed, and defendant paid to plaintiff three hundred dollars, which, at her instance, was placed in bank to the credit of her son, the said William Wood, and

which he afterward had placed to her credit. Afterward, defendant sent to plaintiff a certificate of deposit for three hundred dollars, and later tendered to her the balance of the seven hundred dollars. The agreement was made through William Wood, son of the plaintiff, and father-in-law of the defendant. He was not authorized to, nor did he assume to, make any agreement for either party, but merely to communicate between them. Plaintiff, becoming dissatisfied, tendered back all she had received, and demanded a reconveyance of the land, which being refused, she brings this action to cancel said deed, assigning as grounds therefor the following: That at the time she agreed to sell the land, and at the time she executed said deed, she was eighty-three years old, afflicted at times with sickness, was infirm bodily and mentally, and not capable of attending to business properly; that William Wood, acting as agent for the defendant, "taking advantage of the infirm condition of this plaintiff, and also by representing to this plaintiff that a sale of the premises described would be for her benefit, inasmuch as plaintiff would not have to pay any taxes on money or mortgages accruing to her from said sale, secured the consent of this plaintiff to the sale of said premises to B. L. Stedwell; that said representations made by William Wood to plaintiff in regard to her not paying taxes on the money, notes, and mortgage taken for the value of the land were the principal inducements for selling the land; and that said William Wood made said representations to plaintiff, and that said representations were untrue." Plaintiff also alleges that the seven hundred dollars was not paid on the day the deed was delivered.

II. It is not charged that the price was inadequate; nor could it well be, under the evidence. The price to be paid was forty dollars per acre, while the

witnesses place the value of the land at twenty-five dollars to thirty-five dollars per acre, the average being about thirty dollars. Intentional fraud is not alleged. While it is charged that the representation made by William Wood was untrue, it is not alleged that he knew it to be untrue, or that he made it with intent to defraud. It is not claimed that the plaintiff was totally incapacitated from transacting businss. Her reasons for, and management of, this transaction, as shown in her own testimony, evidence more than ordinary business sagacity for a woman of her years. What is shown as to her infirmities is to be considered in determining why she acquiesced in the sale, and not as showing a want of capacity to contract. The evidence shows, without question, that the plaintiff was desirous of selling her farm that she might return to town, where she owned property, to reside, for the reason that she had trouble with the management of her tenants and the poor condition of her fences.

III. The real and controlling questions are whether William Wood made the representation that plaintiff would not have to pay taxes on the money and notes, and, if so, whether, for that reason, the deed should be set aside. There is a conflict in the evidence as to whether William made that representation, he contending that he only stated that his mother would get rid of paying taxes on the farm. Two circumstances incline us to conclude, not only that the representation was made as stated, but that both William and his mother believed it to be true. It is a matter of common belief that double taxation is never imposed, and surely there was much in the facts to suggest to the minds of these people that to tax the land, and also the price to be paid, would be double taxation. We are confirmed in the conclusion that they believed that the notes would not be suject to taxation if they did not bear interest, by the large consideration, and the

fact that the notes were without interest. The excess allowed as consideration over the real value of the land was in lieu of interest, and under the mistaken belief that thereby the notes would not be subject to taxation. Surely, there was no actual fraud in the transaction, and we fail to discover wherein the plaintiff has any grounds of complaint. So far as appears, William acted in the utmost good faith toward his mother, and advised her wisely and correctly, except in the matter of the notes not being taxable. She wanted, for good reasons, to sell her farm, and, through William, sold it to her grandson by marriage, against whom no complaint is made, for full value and upon ample security. It was not until others of her children became active in cultivating dissatisfaction that the old lady was heard to complain. The sole ground of her complaint is that she and William were mistaken in supposing that the notes were not subject to taxation. False representations, honestly made, that give rise to a mutual mistake, are grounds for equitable relief. *Montgomery v. Shockey*, 37 Iowa, 109. In such cases, as in case of actual fraud, it is only the party who makes or authorizes the false representation that is bound by it. William Wood was not authorized by the defendant to make this representation, and what he did say on that subject was in the way of advice to his mother, and not on behalf of the defendant.

It is true, as alleged, that the full seven hundred dollars was not paid the day the deed was made. Defendant contends that it was not to be paid until he got possession. Be this as it may, it is evident that the plaintiff did not insist upon the payment being made when she delivered the deed, but, on the contrary, told defendant that "she was in no hurry for the money then; she wished to get it soon enough to build." The seven hundred dollars was

paid or tendered in a short time, and we think plaintiff has no ground for complaint on that account.

Children dealing with aged and infirm parents are held to the utmost good faith, and courts do not hesitate to set aside the transaction when good faith has not been observed. We have examined this record with care, and fail to find sufficient reason for setting aside this sale and conveyance. It was upon terms fully understood and assented to by the plaintiff, was for a full consideration, without fraud, and to the advantage of the plaintiff. We conclude that the plaintiff's bill should be dismissed. REVERSED.