STATE OF IOWA, Appellee, v. ED BRIGGS, Appellant.

*Gray & Gray*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

FAVILLE, J.—I.   On March 5, 1927, the premises of the appellant were searched by the sheriff and assistants.   A bottle containing intoxicating liquor was found in a cupboard on the porch of the house.   A large number of empty bottles were found about the premises.   There were several boxes of these, and also some cans and jugs.   The evidence showed that certain of the empty bottles, cans, and jugs were examined, and there was evidence that the odor of the contents was that of intoxicating liquor.   The errors relied upon for reversal are in part as follows:

"1.   The court erred in overruling defendant's motion for directed verdict made at the close of the State's testimony.

"2.   The court erred in overruling defendant's motion for directed verdict made at the close of all testimony.

"3.   The court erred in overruling motion to set aside verdict and for a new trial.

"4.   The court erred in giving each and all of the instructions given.

"5.   The court erred in rendering judgment against the defendant."

Turning to the abstract, we find that the motion for new trial was based upon five separate grounds, some of which were quite broad and inclusive. We have repeatedly held that assignments of error of the character above set forth are not sufficient to demand our consideration, or to require a review thereof. We cannot be expected to examine "each and all of the instructions given," under this blanket form of objection, to discover whether or not error exists therein. In law actions, we sit as a court for the correction of errors at law, and the precise error of which complaint is made must be substantially pointed out by the appellant. Such is our rule, and such is our uniform holding. *State v. Vandewater*, 203 Iowa 94; *State v. Gibson*, 204 Iowa 1306; *State v. Lambertti*, 204 Iowa 670; *State v. White*, 205 Iowa 373; *State v. Cordaro*, 206 Iowa 347; *State v. Gill*, 202 Iowa 242.

II. Appellant contends that the court erred in overruling appellant's objection to a question asked of the witness Spork concerning his testimony before the grand jury. The situation disclosed by the record is very similar to that which we recently reviewed in *State v. Friend*, 206 Iowa 615. The witness was asked as to whether or not he had ever smelled the contents of a certain bottle shown to him, after it was taken to the sheriff's office and marked as an exhibit. His reply was: "I do not know whether I did or did not." Thereupon, the county attorney showed him his testimony before the grand jury in respect to said matter. Later, the witness testified from his own personal recollection in regard to the matter. There was no reversible error at this point. See, also, *State v. Lewallen*, 198 Iowa 382.

III. Appellant also contends that the court erred in not sustaining the objections made by the defendant to the introduction of Exhibits 0-1 to 0-19, for each and all of the reasons specified in the objections then made, as shown by the abstract. This savors largely of a blanket objection; but, in any event, there was no error in the admission of the exhibits in question. They were all properly identified as having been seized on the appellant's premises at the time the search of said premises was made. The exhibits were properly in evidence; they were examined by witnesses upon the trial, who testified as to the character of the contents, as indicated by the smell thereof; and they were proper

for the consideration of the jury. We find no error in the record requiring any interference with the judgment of the trial court, and it is—*Affirmed.*

STEVENS, C. J., and EVANS, MORLING, and WAGNER, JJ., concur.