R. S. Bodholdt, Appellee, v. F. L. Townsend et al., Appellants.

No. 39665.

November 12, 1929.

C. E. Hunn, H. Pierce Witmer, and H. S. Hunn, for appellants.

Fred F. Keithley, for appellee.

Wagner, J.—It is the contention of the appellee that "the errors relied upon for a reversal," as set out in appellants' brief, are insufficient, and present nothing for our determination. The appellants, in their brief, under the heading quoted as aforesaid, allege:

"1. The trial court committed error in overruling defendants' motion for directed verdict, as shown abstract of record, page 8, line 22 et seq.

"2. The trial court committed error in overruling the defendants' motion for directed verdict, made at the close of all of the testimony, as shown abstract of record, page 9, line 28 et seq.

"3. The trial court committed error in overruling defendants' exceptions to instructions and amendment to exceptions

to instructions and motion for new trial, as shown abstract of record, page 19, line 12 *et seq.*"

The brief contains two other assignments of error, in no way made specific, and of the same general nature. In turning to the motion for directed verdict, we find that it is based upon six different grounds. The motion for new trial is in skeleton form, and alludes to the errors alleged generally to have been committed by the court during the trial, but does not specifically point out any error alleged to have been committed.

The exceptions to the instructions strike at various instructions given by the court. While we have held, in numerous cases, that an exception to an instruction must be so definite  that it will direct the attention of the trial court to just what is complained of, we find in the exceptions an utter disregard for our holdings in that respect. To illustrate, the exceptions contain such general statements as "They are contrary to the law." "Does not clearly embody the law." "Not true as a matter of law." "Not correct statement of law." "Does not clearly state the rules of law applicable to this case." "Is prejudicial to the rights of these defendants." Exceptions in this form are not sufficient to entitle the appellant to have the same reviewed by this court. See *Rogers v. Wolf*, 195 Iowa 153; *State v. Alderman*, 187 Iowa 244.

It is apparent from the above quotations under the heading "The Errors Relied Upon for a Reversal" that the appeal is prosecuted without regard to the rules of this court. In *Hedrick Nat. Bank v. Hawthorne*, 209 Iowa —, we again announce that sweeping omnibus "errors relied upon for a reversal," in blanket form, are not sufficient, under the rules of this court, to present anything for our consideration and determination. See, also, *Central Tr. Co. v. City of Des Moines*, 204 Iowa 678; *Blakely v. Cabelka*, 207 Iowa 959; *Ryan Bros. v. Rate*, 203 Iowa 1253; *State v. Briggs*, 207 Iowa 221; *Reynolds & Heitsman v. Henry*, 193 Iowa 164; *Fisher v. McCarty*, 197 Iowa 369; *Harrington v. Southern Sur. Co.*, 206 Iowa 925; *Reynolds v. Chehak*, 199 Iowa 561; *Town of Waukon v. Strouse*, 74 Iowa 547; *Guyer & Hoshaw v. Minnesota Thresher Mfg. Co.*, 97 Iowa 132; *In re Estate of Pauly*, 174 Iowa 122; *Miller v. Swartzlender & Holman*, 192 Iowa 153; *In re Estate of Butter-*

*brodt,* 201 Iowa 871; *State v. Lambertti,* 204 Iowa 670; *State v. White,* 205 Iowa 373; *State v. Gill,* 202 Iowa 242; *In re Estate of Mott,* 200 Iowa 948; *Jacobs v. Vanderwicken* (Iowa), 218 N. W. 147 (not officially reported).

What is said in *Hedrick Nat. Bank v. Hawthorne,* supra, is equally applicable to the first two errors relied upon for a reversal hereinbefore quoted.

The third specification of error is also fatally indefinite, and raises no question for consideration on appeal. In *State v. Lambertti,* supra, we said:

"The appellant assigns error as follows:

" 'The court erred in overruling the defendant's exceptions to the court's instructions, for all of the reasons stated in said exceptions.'

"The exceptions strike at seven of the instructions given by the trial court. This assignment is fatally indefinite, and raises no question for consideration on appeal."

In *State v. White,* supra, we declared:

"The defendant, in his assignment of errors, alleges that Instructions 6, 7, 8, 9, 10, 11, and 15 * * * were unwarranted, erroneous, and prejudicial. The exceptions to the instructions are likewise general, and no more specific. This assignment is fatally indefinite, and raises no question for consideration on appeal."

In *Jacobs v. Vanderwicken,* supra, we said:

"The appellant in his assignment of errors as to instructions merely states that the court erred in giving the instructions by number, and then referring to the page in the abstract where the instructions may be found. We have repeatedly held that assignments of error in such form present no question for our determination, and that we are warranted in disregarding same."

It is apparent from our repeated pronouncements that the errors relied upon for a reversal, and hereinbefore quoted, present nothing for our consideration and determination.

The day before this case was submitted to this court, the appellants, probably realizing the insufficiency of their original

specifications of error, filed what they denominated "Appellants' Amendment to Brief & Reply Argument." They thereby attempt to make specific the errors upon which they rely for reversal. This can be of no avail to the appellants. In this case, the appellants' original specification of errors measures their full right of review. See *Fisher v. McCarty*, 197 Iowa 369; *Dodge v. Grain Shippers' Mut. Fire Ins. Assn.*, 176 Iowa 316. "The errors relied upon for a reversal" required by our Rule No. 30 are not only for the benefit of this court, but also for the opposing party. As is well stated in *Central Tr. Co. v. City of Des Moines*, 204 Iowa 678:

"The appellee is interested in sustaining the judgment and the rulings upon which it is based, and is entitled to know wherein the appellant claims that the trial court erred, in order that he may intelligently present his case and endeavor to sustain the judgment in his favor."

It is apparent that the appellee could have no opportunity to respond to a specification of errors set out in and constituting a part of the reply.

Regardless of the insufficiency of the "errors relied upon for a reversal," as set out in the original brief, we have carefully read the record, and find no prejudicial error. The questions of fact were for the determination of the jury.—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and GRIMM, JJ., concur.

DE GRAFF, J. (specially concurring). I concur in the result reached in this case. However, I feel that it is time that this court should enforce the provisions of its Rule 30 when the record discloses that said rule has not been respected by appellant. Rule 30 prescribes what the brief of the appellant *shall* contain, and the fifth requirement stated therein reads: "The errors relied upon for a reversal." If the errors relied upon for a reversal are stated in what is sometimes called a blanket or omnibus form, as in the instant case, there is no occasion for this court to take the time to make answer in opinion to the argument of appellant. It has been quite often said in opinions filed by this court that "we have carefully read the record, and find no reversible ground." In my judgment, there is no occa-

sion to say even this, if the appellant has not respected our rule in the particular involved in this case.

It is agreed that the appellant herein has not respected the fifth paragraph of Rule 30. When that fact is established, nothing more is necessary to be said, and a dismissal of the appeal is in order. The time of this court is occupied to the maximum, and we should not be called upon to enter the field of discovery, to find the errors relied upon for a reversal, when they are not stated by the appellant in conformity to rule.