HEDRICK NATIONAL BANK, Appellee, v. T. C. HAWTHORNE et al., Appellants.

No. 40006.

NOVEMBER 12, 1929.

REHEARING DENIED FEBRUARY 22, 1930.

*Roberts & Roberts,* for appellants.

*Gillies & Daugherty,* for appellee.

WAGNER, J.—This action is founded upon a note and mortgage securing the same, executed by the defendants on October

1, 1926. The defendants, in their answer, admit the execution of the note and mortgage. In subsequent paragraphs of their answer, they aver certain alleged affirmative defenses. The answer is quite voluminous, consisting of 16 paragraphs, and covering more than 10 pages of the abstract.

The plaintiff filed a double-barreled motion, denominated "Motion to Strike and for Judgment on the Pleadings," which is also very voluminous. It asks that the separate paragraphs of the answer, in which the claimed affirmative defenses are alleged, be stricken, for numerous reasons. As a part of the same pleading, the plaintiff alleges:

"Subject to the ruling on the foregoing motion [motion to strike], the plaintiff moves the court for judgment on the pleadings," etc.

Said motion was submitted and sustained, and, plaintiff having introduced in evidence the note and mortgage upon which suit was brought, judgment was rendered in favor of the plaintiff and against the defendants for the amount due upon the note, and a decree of foreclosure of the mortgage was granted.

The motion of appellee to strike the various portions of appellants' answer, as hereinbefore stated, is based upon numerous and various reasons. To illustrate, it is alleged therein:

"Plaintiff moves to strike Paragraph 7 of said answer for each of the reasons urged as to Paragraph 5 of said answer, and for the further reason that the alleged contract sought and attempted to be pleaded therein is void for uncertainty, indefinite, and failing to show with required certainty that any amount or amounts of money were to be furnished to the defendant, and fails to show with any degree of certainty the time of furnishing said moneys, and the terms of the payment of said money, and no time of performance was ever agreed upon, and that, if such talk ever did occur, it did not amount to a contract, but was random conversation, prior to the execution of the note and mortgage sued on, and any such pretended oral agreement is void, and not binding on the plaintiff, and *ultra vires*, the plaintiff being a national bank, organized and existing under the banking laws and statutes of the United States of

America, and said paragraph does not plead or state any matter that is or could be defensive to plaintiff's cause of action.''

The foregoing quotation from the abstract is a fair sample of the various matters urged by the plaintiff in the motion to strike the separate paragraphs constituting the alleged affirmative defenses. That portion of the motion constituting the so-called motion for judgment on the pleadings also contains several different grounds alleged by the plaintiff as to why the relief should be granted.

It is apparent from the record that the trial court sustained appellee's motion generally, and upon the introduction of the note and mortgage in evidence, rendered judgment and decree of foreclosure. The appellants, in their brief, under the heading ''Errors relied upon for a reversal,'' allege:

''The court erred in sustaining the plaintiff's said motion as to each and all of the grounds there stated.''

It is thus apparent that the appeal is prosecuted without regard to the rules of this court, as we have repeatedly held that sweeping, omnibus ''errors relied upon for a reversal'' in blanket form, such as the foregoing, are not sufficient, under the rules of this court, to present anything for our consideration and determination. See *Erlanson v. University of Commerce* (Iowa), 223 N. W. 756 (not officially reported); *Central Tr. Co. v. City of Des Moines*, 204 Iowa 678; *In re Estate of Butterbrodt*, 201 Iowa 871; *Blakely v. Cabelka*, 207 Iowa 959; *Ryan Bros. v. Rate*, 203 Iowa 1253; *State v. Briggs*, 207 Iowa 221; *Reynolds & Heitsman v. Henry*, 193 Iowa 164; *Fisher v. McCarty*, 197 Iowa 369; *Harrington v. Southern Sur. Co.*, 206 Iowa 925; *Reynolds v. Chehak*, 199 Iowa 561; *Town of Waukon v. Strouse*, 74 Iowa 547; *Guyer & Hoshaw v. Minnesota Thresher Mfg. Co.*, 97 Iowa 132; *In re Estate of Pauly*, 174 Iowa 122; *Miller v. Swartzlender & Holman*, 192 Iowa 153. Many other authorities could be cited on this proposition. In *In re Estate of Pauly*, supra, it is aptly stated:

''A single general sweeping assignment of error, including numerous rulings and exceptions, has always been held too vague and general to present any proposition for our decision.''

In *Reynolds v. Chehak*, supra, we declared:

"While the demurrer was single, it contained two grounds for demurrer to the first count and two grounds for demurrer to the second count. The lower court sustained the demurrer generally on each ground thereof, and plaintiff elected to stand on his petition, and refused to plead further. He sets out grounds relied on for reversal as follows: The court erred in sustaining defendants' demurrer and in dismissing plaintiff's petition. Such a statement of ground of reversal is not sufficient, under the rules of this court. We have repeatedly held that such an assignment as to a demurrer *or a motion based on several grounds is not sufficient.* * * * *The rules of this court require that an error relied on for reversal must be specific, so as to present the very question raised.*" (The italics are ours.)

In *Miller v. Swartzlender & Holman,* supra, we said:

"Assignments of error must be specific, to present a question for decision in this court. Error is not presumed, nor can we be expected to search the record to ascertain whether there is something upon which error may be predicated."

In *Ryan Bros. v. Rate,* supra, it is declared:

"Our rules require that, when errors are assigned or points are to be made in this court, they must specifically point out the matter complained of and the objections thereto. Omnibus errors will not be considered, but will be disregarded."

In view of our pronouncements, as stated in the foregoing authorities, it is apparent that, under the rules of this court, there is nothing before us for our consideration. However, we may say that, from our investigation of the record, the ruling on the motion to strike appears to be correct, and that, upon the introduction of the note and mortgage in evidence, the court properly rendered judgment and decree. The judgment and decree of the trial court are hereby affirmed.—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and GRIMM, JJ., concur.