Kittie Ashman, Appellee, v. City of Des Moines, Appellant.

No. 39809.

December 13, 1929.

Rehearing Denied March 21, 1930.

*Charles Hutchinson,* for appellant.

*Fred C. Huebner,* for appellee.

WAGNER, J.—Center Street and Crocker Street in the city of Des Moines are parallel streets, and run east and west, Center Street being the next street south of Crocker Street. They intersect at right angles with Fourth and Fifth Streets, Fourth Street being the next street east of Fifth Street. About half way between Fourth and Fifth Streets there is a paved alley, running north from Center Street and intersecting with Crocker Street. Lying immediately to the north of Center Street, and between said alley and Fifth Street, is a tract of real estate described as Lots 1 and 2, in Division 1 of Grimmel's Addition to the Town of Fort Des Moines. Plaintiff is the owner of the east half of said two lots. This property is approximately 66 feet east and west and 132 feet north and south. It thus appears that plaintiff's property is adjacent to both Center Street and the aforesaid alley. On this property is a two-story house, containing 14 rooms, which the plaintiff occupies and uses as a rooming house. Center Street in front of plaintiff's property is paved. From some time in 1920 or 1921 to and including the summer or autumn of 1923, the defendant city physically lowered the grade of Crocker Street about 10 or 12 feet between Fourth and Fifth Streets, without also physically lowering the grade of said alley, and placed a permanent barrier across the entire width of the alley at or a little south of where said alley intersects with Crocker Street. As a result of the lowering of the grade of Crocker Street and the erecting of said barrier, there is no outlet from said alley north of Center Street.

During the same period of time, the defendant city physically lowered the grade of Fifth Street, and also the grade of Center Street, at and a little east of where said two streets intersect, and as a result thereof, there is an abrupt embankment at said intersection, of about 24 feet in height. The city has built and is maintaining a flight of 26 steps up said embankment, at or about the middle of Center Street. From the top of said steps, the city has built two board walks, one of which runs in a northeasterly direction, and intersects, at the southwest corner of plaintiff's premises, with the sidewalk on the north side of

Center Street. The other of said board walks runs from the top of said steps in a southeasterly direction, and intersects with the sidewalk on the south side of Center Street. About 15 feet to the east of the west line of plaintiff's premises, the city has erected and is maintaining a permanent barrier, about 6 feet high.

It will thus be observed that the improvements as made by the city constitute an obstruction to vehicular travel westward to and from plaintiff's property. Prior to the time of the construction of this so-called improvement, Center Street was well paved, and there was free access to and over the same to the other streets to the west connecting therewith. As a result of the aforesaid obstructions in Center Street, the only access to plaintiff's property is from Fourth Street to the east, and then westward on Center Street. The action of the city was pursuant to an ordinance changing the grade of said streets.

The plaintiff, in her petition, alleges that, from 1920 to and including September 3, 1923, the defendant city physically lowered the grade of Center Street, and made an embankment of some 20 feet in height at and a little east of where Center Street intersects with Fifth Street, and said city also built and maintains a flight of 26 steps up said embankment at or about the middle of Center Street, at and a little east of said intersection; that said city built and maintains a barricade across Center Street in front of plaintiff's said property; and that all of said alterations and obstructions cut off, or substantially impair, plaintiff's free and convenient means of ingress and egress to and from her property westward on Center Street, except on foot. She also alleges that the city cut off, or substantially impaired, the free and convenient means of access to and from her property by closing and obstructing the north end of the alley which runs north and south and adjacent to plaintiff's property, and that, because her free and convenient means of ingress or egress have been cut off, or substantially impaired, by all of the alterations and obstructions aforesaid, she has been damaged.

The defendant, for answer, denied generally the allegations of the petition; alleged that plaintiff's cause of action is barred by the Statute of Limitations; also averred that plaintiff's damages for cutting off, or substantially impairing, her means of ingress or egress have been formerly adjudicated in an appeal

which the plaintiff took to the district court from a special assessment which the city levied against her property on account of benefits to her property from the opening, widening, grading, and paving of Fifth Street.

Upon trial of the issues thus joined, a verdict was returned in favor of the plaintiff, and judgment was rendered thereon. From this judgment the defendant city has appealed.

One of the contentions of the defendant is that plaintiff's cause of action is barred by the Statute of Limitations. Under Section 11007 of the Code, 1927, the action is not barred, provided it was brought within five years after the  cause of action accrued. The action was begun March 24, 1928. While the record shows that some of the work of excavating was done in 1921 and 1922, yet it is shown that much labor in connection with the improvement was performed in 1923, and that the improvement was not accepted as completed until August 7, 1923. The uncontroverted evidence shows that, on February 9, 1920, a contract was entered into between the city and Frank Cram & Sons for the grading of West Fifth Street from the north line of Chestnut Street to the south line of School Street; also the grading of Crocker Street from the west line of Fourth Street to the east line of Sixth Avenue; *also the grading of Center Street from the west line of Fourth Street to the east line of Sixth Avenue*; also Park Street from the first alley east of Fifth Street to the east line of Sixth Avenue. The foregoing was all one unit. It will be observed that the contract provided for the grading of Center Street south of plaintiff's premises, which has not been done, and the reason therefor is not disclosed by the record. If the grading on Center Street south of plaintiff's premises had been done, plaintiff's cause of action would be far different from the one which she has brought.

It is shown by the record that the city stopped Cram in his work about the middle of February, 1921. He was then grading on Crocker Street. Later, another contract was let to the Des Moines Asphalt Company for the grading. After Cram ceased work, a sewer was laid on Fifth Street. The employees were a year or more laying the sewer and piping the water from the springs into the sewer, all of which was necessary before the

paving could be laid. The latter company also did considerable of the grading in 1922 or the fore part of 1923. Dirt had slid in from the banks from the sides of Fifth Street until it was practically refilled, and the dirt had to be removed. After the latter company had completed the grading, the paving was laid, and completed by said company in July, 1923. It is quite clear from the record that the entire improvement contemplated was one project, and not completed until July 20, 1923.

This court has held that the cause of action accrues when the project is entirely completed, or when the city has ceased its operations for such time as to make it appear that the project has been abandoned. See *Foley v. City of Cedar Rapids,* 133 Iowa 64. We there said:

"As the damages in such cases are indivisible, he [the plaintiff] was justified in waiting until the entire improvement was completed, or, as said in *Buser's* case, supra, until the work is completed or the city has ceased its operations for such a length of time as to make it appear that the work is completed. * * * Here there was but one improvement, and no one could tell the amount of plaintiff's damages until that improvement was substantially completed; the wrong was a continuing and connected one, and the damages were indivisible; hence the cause of action did not accrue, within the meaning of that term as used in the statute relied upon, until work was either completed or abandoned. * * * Until the contemplated work was substantially completed, no one could tell the amount of his damages. The resolution to do the work did plaintiff no damage. It was the physical change in the condition of the street which did that, and, until that change was fully made, no one could tell the amount of damages to which plaintiff would be entitled."

See, also, *Buser v. City of Cedar Rapids,* 115 Iowa 683. In the instant case, there had been no cessation of operations such as would induce one to believe that the work was completed. The plaintiff was justified in assuming that the entire project, which included the improvement of Center Street south and adjacent to her property, would be completed according to the specifications and terms of the contract. Since the improvement, as accepted by the city, was not completed until July,

1923, the cause of action is not barred, and defendant's contention is without merit.

Another contention of the appellant's is that appellee's damages were adjudicated in the appeal taken by her from the special assessment levied against her property for alleged benefits to the same from the improvement of Fifth Street. This contention is also without merit. It is true that, on the appeal, the assessment on appellee's property was reduced from $5,220.62 to $1,500, but neither the causes of action nor the issues therein are identical. In the instant case, the issue is as to whether the appellee is entitled to damages for cutting off, or substantially impairing, the free and convenient means of ingress and egress to and from her property; while in the appeal case the issue was whether the burden has been distributed or apportioned upon the several properties liable for assessment for the improvement with due reference to the benefits they derive therefrom. See *Curtis v. Town of Dunlap*, 202 Iowa 588; *Chicago, R. I. & P. R. Co. v. City of Centerville*, 172 Iowa 444; *Early v. City of Ft. Dodge*, 136 Iowa 187. The owner of property liable for an assessment for improvements may object that it has been over-assessed; but, if the proceedings have been regular, he cannot urge that his property is not liable to be assessed at all. *Chicago, R. I. & P. R. Co. v. City of Centerville*, supra. Damages cannot be offset against benefits from improvements. *Curtis v. Town of Dunlap*, supra. A special assessment is a tax, and parties who have claims against the assessing municipality must pursue their ordinary remedy in the courts by independent action. No counterclaim or offset against the assessment or tax is allowable. See *Hedge v. City of Des Moines*, 141 Iowa 4; *City of Burlington v. Palmer*, 67 Iowa 681.

Neither does the decree in the appeal case show, expressly or by inference, that plaintiff's damages were adjudicated. In *Eckert & Williams v. Pickel*, 59 Iowa 545, it is aptly stated:

"As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive *per se*, it must appear by the record of the prior suit that the

*particular controversy* sought to be concluded was *necessarily tried and determined."* (The italics are ours.)

In *Woodward v. Jackson,* 85 Iowa 432, we find the following pronouncement:

"It must appear that the question in issue in the present action is the same as that passed upon and *determined* in the former action, and that it was determined therein on its merits." (The italics are ours.)

In *Lindley v. Snell,* 80 Iowa 103, this court declared:

, " 'To ascertain whether a former judgment is a bar to future litigation, the criterion is, was the same vital matter directly in issue and *determined?' "* (The italics are ours.)

See, also, 34 Corpus Juris 911.

It is apparent from the foregoing that defendant's plea of estoppel by former adjudication must fail.

The appellant city urges, as a ground for reversal:

"The record shows this cause of action to be a suit for damages for deprivation of egress and ingress to property, while the evidence fails to show any substantial deprivation whatsoever."

The question of the sufficiency of the evidence was raised by motion for a directed verdict at the close of plaintiff's evidence, which was renewed at the close of all the evidence. If  appellant's contention in the aforesaid respect be true, then appellant's motion for a directed verdict should have been sustained. In the "errors relied upon for reversal," the appellant alleges:

"The trial court erred in overruling the defendant's motion for a directed verdict, offered at the conclusion of plaintiff's evidence and renewed after both sides had rested, upon each and every one of the grounds therein specified."

This latter ground of error does not comply with Rule 30 of the Rules of the Supreme Court, and presents nothing for our consideration and determination. See *Hedrick Nat.*

*Bank v. Hawthorne,* 209 Iowa 1013; *Bodholdt v. Townsend,* 208 Iowa 1350; *Blomgren v. City of Ottumwa,* 209 Iowa 9.

Moreover, we have read the record with care, and it is apparent that the evidence was amply sufficient to make this question one of fact, for the determination of the jury. The aforesaid contention of the appellant is devoid of merit.

The appellant, in his brief and argument, under the heading "Errors relied upon for reversal," has stated some alleged grounds which are not specific, but merely blanket or omnibus in form and character. Such grounds of error do not comply with Paragraph 5 of Rule 30 of this court, and present nothing for our consideration and determination. See *Blomgren v. City of Ottumwa,* 209 Iowa 9; *Hedrick Nat. Bank v. Hawthorne,* 209 Iowa 1013; *Bodholdt v. Townsend,* 208 Iowa 1350.

We have considered all propositions presented upon which a reversal is asked, and find no reversible error; and the judgment of the trial court is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.