GEORGE B. MORROW, Appellant, v. W. L. DOWNING et al., Appellees.

No. 40401.

1196

OCTOBER 14, 1930.

*W. B. Hays*, for appellant.

*H. E. Valentine*, for appellees.

WAGNER, J.—Plaintiff in his petition alleges, in substance, that the defendants, together with A. J. Horn, were, during the months of February, March, and April, 1927, directors of the First National Bank of Moulton; that the defendants, together

with the said Horn, were the owners of a farm in Davis County, containing approximately 340 acres; that plaintiff was a new member of the board of directors of said bank; that it was represented by the defendants that said real estate was the property of the bank, and that, in order to protect said property for the benefit of the bank, it was necessary that certain indebtedness be paid; that the defendants, at the time of the making of said statements, knew them to be false, or should have known them to be false, and that the said statements were fraudulently made for the purpose of inducing the plaintiff to part with his money; that, relying upon said statements made to the plaintiff by the defendants, both at the meeting of the directors and privately, and believing them to be true, the plaintiff paid the sum of $1,727.90 on said indebtedness, represented by three checks, one dated February 10, 1927, for $218.82, payable to the Ottumwa National Bank; one dated March 25, 1927, for $338, payable to Lydia B. Blosser, and one dated April 27, 1927, for $1,171.08, payable to the Iowa National Bank.

"That the notes upon which the payments above set out were credited had not been signed by this plaintiff, and were not the obligation of this plaintiff; but plaintiff was led to believe that they were the obligation of the First National Bank of Moulton, when in truth and in fact they were the obligation of these defendants; and the defendants well knew that plaintiff was not liable upon said notes and that the bank was not liable on said notes, and fraudulently misrepresented to plaintiff the condition and facts; and plaintiff, relying upon said false statements fraudulently made by the defendants, was induced to make the payments above set out, and would not have made said payments, had he known the truth concerning the notes in question."

He asks judgment for the amount of said payments, with interest from the dates on which the payments were made. The defendants, in their answer, deny the averments of the petition, admitting that they, together with A. J. Horn and F. C. Moore, held the title to the Davis County farm, but alleging that they held the title to same solely and only as the trustees for the benefit of the First National Bank of Moulton.

Upon these issues, the case was tried to the court and a jury.

and at the close of plaintiff's evidence, the court sustained a motion for a directed verdict for the defendants, and rendered judgment against the plaintiff for costs, from which judgment the plaintiff appeals.

At the outset of our examination, the question arises as to the sufficiency of "the errors relied upon for a reversal" to present anything for our determination. The case was tried on  the aforesaid issues, and no rulings were made by the court which, in any event, could be the subject of review, other than the rulings of the court on the introduction of evidence and the action of the court in sustaining defendants' motion for a directed verdict. Our Rule No. 30 specifies:

"The brief and argument of appellant shall contain a short and clear statement showing: * * * Fifth. The errors relied upon for a reversal."

We have repeatedly held that omnibus statements of error will not be considered, and that the statements of error must be specific, to present a question for review or decision in this court. *Ryan Bros. v. Rate,* 203 Iowa 1253; *Miller v. Swartzlender & Holman,* 192 Iowa 153; *Blakely v. Cabelka,* 207 Iowa 959; *Ashman v. City of Des Moines,* 209 Iowa 1247; *Blomgren v. City of Ottumwa,* 209 Iowa 9; *Bodholdt v. Townsend,* 208 Iowa 1350; *Reynolds & Heitsman v. Henry,* 193 Iowa 164; *Fisher v. McCarty,* 197 Iowa 369; *Harrington v. Southern Sur. Co.,* 206 Iowa 925; *In re Estate of Butterbrodt,* 201 Iowa 871; *State v. Briggs,* 207 Iowa 221; *Cary-Platt v. Iowa Elec. Co.,* 207 Iowa 1052; *Hedrick Nat. Bank v. Hawthorne,* 209 Iowa 1013. Many other authorities could be cited on this proposition, but see the many cases cited in the foregoing authorities. As is well stated in *State v. Briggs,* 207 Iowa 221:

"In law actions, we sit as a court for the correction of errors at law, and the precise error of which complaint is made must be substantially pointed out by the appellant. Such is our rule, and such is our uniform holding."

What the rule contemplates is that the statement of error shall be complete in itself, and that each ruling by the court deemed by the appellant to be erroneous and reversible shall

be set forth in clear, concise, and definite language, sufficiently full and specific, but without elaboration, to apprise the court of the ruling complained of and the particular, or particulars, in which, and for what reason, it is claimed to be erroneous. See *Ryan Bros. v. Rate*, 203 Iowa 1253; *Blakely v. Cabelka*, 207 Iowa 959; *Hedrick Nat. Bank v. Hawthorne*, 209 Iowa 1013.

With the foregoing rule in mind, we now begin the consideration of the statements of error relied upon for a reversal. The appellant alleges, under the caption "Errors relied upon for a reversal:" "The court erred in holding that the action was based on fraud." This allegation is not specific, but a mere blanket or omnibus statement of error. In what ruling did the court so hold? The appellant has failed to state or specify. It is quite apparent that the aforesaid quoted statement of error does not comply with the rule, and we would be warranted in refusing to consider the same.

The appellant argues that his cause of action is for money had and received, or money paid under mistake of fact. An inspection of the averments of the petition clearly shows that

his cause of action is based only on fraud. See *Miller v. Missouri Fire Brick Co.*, 139 Mo. App. 25 (119 S. W. 976); *Farmers & Merch. Irr. Co. v. Brumbaugh*, 81 Neb. 641 (116 N. W. 512). While, under some circumstances, the amount of money paid to another through mistake of fact may be recovered in an action at law, yet, in such cases, such mistake as would entitle the plaintiff to the relief demanded must be both pleaded and proved. While the defrauded party acts under a mistaken belief as to the facts, such belief is the result of fraudulent representations by the other party to the transaction; and when the plaintiff in an action at law bases his action on fraud, proof alone of a mistaken belief by the plaintiff as to the fact—a unilateral mistake—will not entitle him to recover, but he must prove every element necessary to constitute fraud, one of them being that he relied upon the false representations, believing them to be true, and acted thereon to his prejudice. It must be borne in mind that this action is at law, and not in equity, and is clearly distinguishable from such cases as *Bredensteiner v. Oviatt*, 202 Iowa 993; *Smith v. Bricker*, 86 Iowa 285; *Hood v. Smith*, 79 Iowa 621; *Sweezey v.*

1200

*Collins,* 36 Iowa 589; and other similar cases, where it is held that the complaining party is entitled to certain equitable relief by proof of a mutual mistake of fact, without proof of scienter, which, or the equivalent thereof, is generally recognized as an essential element of actionable fraud.

In *Miller v. Missouri Fire Brick Co.,* 139 Mo. App. 25 (119 S. W. 976), it is aptly stated:

"Had the defendant desired to rely upon the doctrine of mistake for a recovery on its counterclaim, it should have pleaded the matter, to say the least. Having relied exclusively upon the theory that plaintiff misrepresented the fact, and thereby fraudulently induced the defendant to overpay him, of course its right of recovery depended upon the fact of misrepresentation* * *."

The evidence in this case discloses that the plaintiff and defendants had executed notes to the Ottumwa National Bank, Lydia Blosser, and the Iowa National Bank, and that the amount which the plaintiff seeks to recover from the defendants is the amount paid by him to the respective payees of the notes. The amount paid by plaintiff upon said notes was his proportionate amount of the entire amount due thereon. It will be observed from the aforesaid quoted portion of the petition that the plaintiff avers "that the notes upon which the payments above set out were credited, had not been signed by this plaintiff, and were not the obligation of this plaintiff," etc. The evidence of plaintiff is that he signed the notes upon which the payments were made. It thus appears that there is a variance between the averments of the petition and the proof. The plaintiff's own evidence discloses that the payments made by him to the payees of the notes were not due to any mistake of fact, but that said payments were made because of his obligation as one of the makers. There could be no mistake on his part as to his obligation on the notes signed by him. It is quite obvious that, under the averments of the petition and the facts as shown by the record, the plaintiff cannot recover from the defendants under his claimed theory of a right of recovery for money paid by reason of a mistake of fact, or for moneys had and received by the defendants.

The appellant alleges as error the rulings of the court in

sustaining objections to the proffered testimony of certain witnesses, referring only to the pages of the abstract. These state-ments of error are not in accordance with the rule, and we would be warranted in disregarding the same. *Cary-Platt v. Iowa Elec. Co.*, 207 Iowa 1052; *In re Estate of Mott*, 200 Iowa 948.

It is apparent from a reading of the pages of the abstract referred to by the appellant that the record fails to disclose, either by the form of the questions propounded or by offer of testimony or otherwise, what the answers would have been. It is the repeated pronouncement of this court that in such situation no prejudicial error is shown. *In re Estate of Johnson*, 210 Iowa 891; *Reynolds & Heitsman v. Henry*, 193 Iowa 164; *Vorpahl v. Southern Sur. Co.*, 208 Iowa 348; *Anderson v. Fort Dodge, D. M. & S. R. Co.*, 208 Iowa 369; *First State Bank of Riverside v. Tobin*, 204 Iowa 456; *Schooley v. Efnor*, 202 Iowa 141; *Arnold v. Fort Dodge, D. M. & S. R. Co.*, 186 Iowa 538; *Arnold v. Livingstone*, 155 Iowa 601; *Bomgren v. Hanish*, 194 Iowa 1117.

The appellant complains that the court erred in stating to the jury that they should not consider certain testimony by the plaintiff as a witness. The complaint is not in conformity with the record. The remark of the court was qualified, and only to the effect that he would say to the jury that the testimony should not be considered by them unless the defendants were connected therewith. Moreover, under the issues as made by the pleadings, the testimony concerning which the remark of the court was made was clearly inadmissible.

The appellant complains of a striking of a small portion of the testimony of the plaintiff as a witness. It is clearly shown by the record that said testimony, or the equivalent thereof, was afterwards introduced, and remains in the record. Therefore, no prejudicial error is shown. See *Handlon v. Henshaw*, 206 Iowa 771; *First State Bank of Riverside v. Tobin*, 204 Iowa 456.

The appellant in his brief, under the heading ''Errors Relied Upon For Reversal,'' states: ''The court erred in sustaining defendants' motion for a directed verdict

1202

in favor of defendants.'' The motion for a directed verdict contains eight or more separate and distinct grounds. It is apparent that the appellant's allegation of error does not comply with the foregoing rule of this court, and is not sufficient to present anything for our consideration and determination. See *State v. Briggs*, 207 Iowa 221; *Blomgren v. City of Ottumwa*, 209 Iowa 9; *Bodholdt v. Townsend*, 208 Iowa 1350; *Hedrick Nat. Bank v. Hawthorne*, 209 Iowa 1013; *Ashman v. City of Des Moines*, 209 Iowa 1247. See, also, other authorities hereinbefore cited.

However, we have read the record with care, and it is apparent that the action of the court in sustaining defendants' motion for a directed verdict was clearly right.

There is no prejudicial error shown by the record, and the judgment of the trial court is hereby affirmed.—*Affirmed*.

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.