W. T. RAWLEIGH MEDICAL COMPANY, Appellant, v. A. S. BANE et al., Appellees.

No. 41138.

APRIL 3, 1934.

Edward L. O'Connor, for appellant.

Henry Negus and Frank F. Messer, for appellees.

DONEGAN, J.—In March, 1912, the appellant entered into a written contract with one R. E. Eustick under the terms of which Eustick was to handle certain goods and merchandise of the appellant company. Attached to this contract was a guaranty contract by which the appellees, Bane and Sharf, guaranteed the honest and faithful performance by Eustick of the contract between him and the appellant. The contract between Eustick and the appellant was terminated in October, 1913, and in June, 1914, Eustick confessed judgment to the plaintiff under said contract in the sum of $845.67. The instant case is brought by the appellant against the appellees under the contract of guaranty to enforce the payment of the amount owing by Eustick to appellant. Upon the trial of the case in the district court, the defendants made a motion at the close of plaintiff's testimony for a directed verdict, and this motion was sustained by the court. After a verdict had been rendered in favor of the appellees, pursuant to the court's instructions, the appellant filed a motion for new trial, objections and exceptions to instructions, orders, and rulings of the court, a motion in arrest of judgment, and a motion for judgment notwithstanding the verdict. All of these motions were overruled by the trial court and judgment entered against the appellant for costs. From this judgment appeal was taken to this court.

Appellant in its brief and argument sets out the following "ERRORS RELIED ON FOR REVERSAL".

### "Error No. 1.

"The Court erred in overruling plaintiff's objection to the introduction of the following evidence on the Cross-examination of the witness, R. E. Eustick: (See Abstract page 36, lines 24 to 33.)

"Q. And did you remit one-half of what you collected on these goods each week to the Company?

"By Mr. O'Connor: Objected to as not proper Cross-examination.

"By the Court: Overruled, Exceptions saved.

"A. Yes, sir.

"Error No. 2.

"The Court erred in over-ruling Plaintiff's Motion to strike Count seven of Defendants Amendment to substituted answer. (See Abstract pages 16 to 19 and page 43, lines 27 to 29.)

"Error No. 3.

"The Court erred in sustaining Defendant's Motion for a Directed Verdict and in Directing the Jury to return a verdict for the Defendant, A. S. Bane, at the close of the Plaintiff's evidence and after the plaintiff had rested. (See Abstract page 43, lines 31 to 33, and page 44, lines 1 to 23.)

"Error No. 4.

"The Court erred in overruling Plaintiff's Motion for a new trial. (See Abstract page 53, lines 7 to 10.)

"Error No. 5.

"The Court erred in overruling Plaintiff's Objection and Exceptions to instructions, Orders and Rulings of the Court. (See Abstract page 53, lines 7 to 10.)

"Error No. 6.

"The Court erred in overruling Plaintiff's Motion in Arrest of Judgment. (See Abstract 53, lines 7 to 10.)

"Error No. 7.

"The Court erred in overruling Plaintiff's Motion for Judgment Notwithstanding Verdict. (See Abstract page 53, lines 7 to 10.)

"Error No. 8.

"The Court erred in rendering Judgment against the Plaintiff for the costs of this action. (See Abstract page 53, lines 11 to 17.)"

Appellees challenge the sufficiency of the assignment of errors and contend that the appellant has failed to observe the requirements of our rules. Rule 30 of this court is as follows:

"Rule 30. The brief of appellant shall contain a short and clear statement showing: * * *

"Fifth. The errors relied upon for reversal.

"Note: What the rule contemplates and requires is a statement of the *errors* relied upon for reversal.

"*The rule contemplates that the statement of error shall be complete in itself and that each ruling of the court deemed by the appellant to be erroneous and reversible shall be set forth in clear, concise and definite language sufficiently full and specific, but without elaboration, to apprise the court of the ruling complained of and the particular or particulars in which and for what reason it is claimed to be erroneous.*"

It will be observed that in the note which appears as a part of the fifth subdivision of Rule 30 it is stated that the rule contemplates that the statement of error shall be *"sufficiently full and specific, but without elaboration, to apprise the court of the ruling complained of and the particular or particulars in which and for what reason it is claimed to be erroneous."*

The first statement of error relied upon for reversal is that the court erred in overruling plaintiff's objection to the introduction of certain evidence on cross-examination of the witness R. E. Eustick. As appears above, the question, objection, answer, and ruling of the court are set out in the statement of the error relied on for reversal. There may be some question as to whether the setting out of the objection to the evidence quoted is sufficient compliance with the requirement of the rule that the statement of error relied on must show the particulars and for what reason it is claimed the ruling is erroneous. However, even if it be sufficient, which we do not decide, we think this ground of error is not sufficient for reversal. The trial court has a broad jurisdiction in connection with what it will allow on cross-examination, and this discretion will not be interfered with except in cases where it is clearly abused. In the direct examination of this witness he testified as to collections made by him for merchandise sold, as to correspondence and statements with regard to the amount of money claimed due from him by the appellant, and that he did not have cash or money to pay his indebtedness to the appellant. In view of this testimony, we do not think that the action of the court in overruling the objection to the question, as to whether he remitted one-half of what he collected, can be said to be such an abuse of discretion as to constitute reversible error. Moreover, the trial court directed a verdict in favor of the defendants, and there is nothing to indicate that the single answer thus allowed to be made

by the witness over appellant's objection was considered or given any weight whatever by the court in reaching its decision. We do not think the court's ruling was reversible error.

The second statement of error relied upon for reversal is that "The Court erred in over-ruling Plaintiff's Motion to strike Count seven of Defendants Amendment to substituted answer." Following this, there is set out in parenthesis references to certain pages and lines of the abstract. The motion to strike count 7 of the defendants' amendment to substituted answer contained eleven separate grounds and covered three pages of the abstract. The statement of error relied upon for reversal does not refer to any particular ground or grounds and does not state for what reason it is claimed that the ruling was erroneous. It is apparent, therefore, that this assignment of error utterly fails to comply with the requirements of Rule 30.

In the case of Ryan Bros. v. Rate, 203 Iowa 1253, 213 N. W. 218, we said:

"Our rules require that, when errors are assigned or points are to be made in this court, they must specifically point out the matter complained of and the objections thereto. Omnibus errors will not be considered, but will be disregarded. Among the numerous cases so holding are Town of Waukon v. Strouse, 74 Iowa 547, 38 N. W. 408; Guyer & Hoshaw v. Minnesota Thresher Mfg. Co., 97 Iowa 132, 66 N. W. 83; Holt v. Doty, 193 Iowa 582, 187 N. W. 550; Reynolds v. Chehak, 199 Iowa 561, 202 N. W. 268. The thought is that, in assigning these points or errors, the assignment must not only state the points, but the reason or basis for the complaint."

In Hedrick National Bank v. Hawthorne, 209 Iowa 1013, 227 N. W. 403, 404, the plaintiff filed a motion to strike various portions of the defendant's answer. This motion contained several grounds and was sustained by the court generally. Defendant appealed and alleged as error that "the court erred in sustaining the plaintiff's said motion as to each and all of the grounds there stated." In considering the question as to the sufficiency of the statement of error, we said:

"It is thus apparent that the appeal is prosecuted without regard to the rules of this court, as we have repeatedly held that sweeping, omnibus 'errors relied upon for a reversal' in blanket form, such as the foregoing, are not sufficient, under the rules of this court, to

present anything for our consideration and determination. See Erlanson v. University of Commerce, 223 N. W. 756; Central Tr. Co. v. Des Moines, 204 Iowa 678, 216 N. W. 41; In re Estate of Butterbrodt, 201 Iowa 871, 208 N. W. 297; Blakely v. Cabelka, 207 Iowa 959, 221 N. W. 451; Ryan Bros. v. Rate, 203 Iowa 1253, 213 N. W. 218; State v. Briggs, 207 Iowa 221, 222 N. W. 552; Reynolds & Heitsman v. Henry, 193 Iowa 164, 185 N. W. 67; Fisher v. McCarty, 197 Iowa 369, 195 N. W. 608; Harrington v. Southern Sur. Co., 206 Iowa 925, 221 N. W. 577; Reynolds v. Chehak, 199 Iowa 561, 202 N. W. 268; Town of Waukon v. Strouse, 74 Iowa 547, 38 N. W. 408; Guyer & Hoshaw v. Minnesota Thresher Mfg. Co., 97 Iowa 132, 66 N. W. 83; In re Estate of Pauly, 174 Iowa 122, 156 N. W. 355; Miller v. Swartzlender & Holman, 192 Iowa 153, 182 N. W. 651. Many other authorities could be cited on this proposition."

An examination of the remaining six "Errors relied upon for Reversal" shows that they are all insufficient for the reasons that we have just discussed in connection with error No. 2 relied on for reversal. In none of them is there contained anything more than an omnibus statement that the court erred in making the rulings referred to, and there is nothing in any of them which shows even an apparent attempt to comply with the requirement of the rule that the statement of the error relied upon for reversal must be sufficiently full and specific to apprise the court of the particular or particulars in which and for what reason it is claimed to be erroneous. It may be truthfully said that this court has been very liberal in applying this rule, and that in many cases we have considered the errors relied upon for reversal when the statement of such errors fell far short of the particularity that the rule contemplates. In no case which we have been able to find, however, have we disregarded the requirements of the rule where the statement of errors relied upon for reversal so completely failed to comply with the requirements of the rule as do the "errors relied upon for reversal" in this case. It may be argued that in some of the opinions of this court we have considered the errors relied upon for reversal, even though not sufficiently alleged. This question was raised in the case of Dailey v. Standard Oil Company, 213 Iowa 244, 235 N. W. 756, and, in response thereto, we therein said:

"Our attention has been called to a number of cases in which we have held that statements of error relied upon for reversal were

not sufficiently specific to comply with our rules, and have added that, notwithstanding this, 'we have read the record and found no error.' A reading of these cases, however, will show that they were always followed by an affirmance, and we have yet to have our attention called to any case where, after having held the statement of errors relied upon insufficient, we have reversed."

In view of our previous holdings, we see no escape from the conclusion that, under the rules of this court, the statement of the errors relied upon by the appellant for reversal do not present anything for the consideration and determination of this court.

It therefore follows that the judgment of the trial court must be, and is hereby, affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, KINDIG, MITCHELL, and KINTZINGER, JJ., concur.